Strafford, }
May 3, 1927. }

JOHN JUDD, *Adm'r, v.* HARRY J. PERKINS.

*F. Clyde Keefe* and *Thomas J. McGreal* (*Mr. Keefe* orally), for the plaintiff.

*George T. Hughes* and *Stanley M. Burns* (*Mr. Hughes* orally), for the defendant.

MARBLE, J. The plaintiff's intestate was killed by a collision between his automobile and that of the defendant at the intersection of High street and Indigo Hill road in Somersworth. The accident happened between five and six o'clock on the afternoon of July 11, 1925. The decedent was driving an Oakland touring car, and was alone. The defendant was accompanied by two adults and two children. He had left Lynn, Massachusetts, about three hours before, and his destination was Alton Bay. He was driving a Hudson sedan.

High street extends in a northerly direction toward Somersworth, and in a southerly direction toward Dover. Indigo Hill road extends from east to west, and intersects High street at an angle of fifty degrees.

At the time of the accident the defendant was proceeding from Dover to Somersworth, and the plaintiff's intestate was making a left-hand turn into High street from the easterly section of Indigo Hill road on his way to Dover. Since he was approaching the point of intersection from the defendant's right, he had by express statutory provision the right of way. Laws 1923, c. 78, s. 1 (P. L., c. 90, s. 3).

But it is suggested that the statute is not applicable because the defendant did not know that there was an intersecting street on his right, because his view of Indigo Hill road was obstructed, and because the plaintiff's intestate violated the provisions of Laws 1921, c. 119, s. 11 (P. L., c. 103, s. 11).

That Indigo Hill road could be plainly seen by the driver of a car coming up High street from the south was shown not only by oral testimony but by a photograph of the locality, the accuracy of which is not questioned. The defendant had driven over the road before. He knew that he was nearing the city of Somersworth, and had already passed several side streets. Even if he had been unfamiliar with the highway in question, he would have been chargeable with what ordinary watchfulness would have disclosed. Under the circumstances, the jury were fully justified in finding that he knew, or ought to have known, that he was approaching an intersecting way in time to have observed all statutory requirements. His assertion that he "didn't know there was a road across on each side of the street" had no bearing on his statutory duty, since an intersecting way, within the meaning of the statute, is "any way which joins another at an angle, whether it crosses the other or not." Laws 1921, c. 119, s. 1 (P. L., c. 99, s. 1, cl. VI).

Although there were trees bordering the side of each street, it was possible, according to some of the witnesses, for a person two hundred feet south of the corner to see a car on Indigo Hill road one hundred feet east of the intersection. The photograph strongly corroborates this testimony. But even though the decedent's car could not easily be seen, this fact did not render the statute inapplicable. *Brody* v. *Gilbert*, 82 N. H. 158; *Dow* v. *Latham*, 80 N. H. 492, 498, 499.

"It is no answer for the defendant to say that until he had almost reached the crossing itself, trees obscured his vision in the direction from which the plaintiff's car was coming. That circumstance should

have increased his vigilance. He should have kept, or at all events tried to keep, his car so under control as to be able to 'give the right of way to those approaching from the right.' This he failed to do." *Dansky* v. *Kotimaki*, 125 Me. 72, 75.

The defendant testified that the deceased turned sharply to the left, avoiding the center of the intersection and keeping "close to the curb," instead of "to the right of the intersection of the centers of both ways," as the statute required. Laws 1921, *c.* 119, *s.* 11 (P. L., *c.* 103, *s.* 11). But he also testified that he thought the car was going to Somersworth, since the plaintiff's intestate was looking in that direction. It is difficult, however, to understand how he could have gained that impression if the deceased was in fact close to the southerly corner. The natural inference would be that he was going in the direction of Dover. And if such was the case, he would be expected to look toward Somersworth, since cars coming from the north had the right of way.

The defendant turned to the left when the decedent's car came into view. By his own admission he was traveling at the rate of twenty-five miles an hour and neither checked his speed nor gave a warning signal. The fact that the collision took place "to the west of the center of the road" tends to confirm the plaintiff's contention that the deceased was bearing to the right of the intersection. The damage to the cars and their position after the accident lends further support to this claim. The left-hand forward wheel of the decedent's car was crushed by the impact. Both cars were locked together for an instant. The decedent's car was turned around. It ran fifty-five feet in a northerly direction and came to a stop at the electric-car tracks on the westerly side of the street. The defendant's car ran eighty feet and stopped near a filling-station about forty feet west of the other car.

A witness who had frequently ridden with the deceased testified that whenever they approached this intersection going south, the plaintiff's intestate would come out to "about the center" of High street, and then turn "on an angle to Dover." It was a reasonable inference from all the evidence that he was following his custom on the day of the accident, and that the collision was due to the fact that the defendant, acting on the unwarranted assumption that the deceased was going toward Somersworth, attempted to pass him on the left.

The defendant practically admits his own fault, but contends that the contributory fault of the decedent is conclusively established.

In addition to the matters already considered it is claimed that the

plaintiff's intestate violated the statutory provisions with respect to signals and speed. Laws 1921, c. 119, ss. 11, 13 (P. L., c. 103, ss. 10, 11, 18). The only evidence that he did not comply with the statute in these respects comes from the defendant and a passenger in the defendant's car, and the jury may well have concluded that they were both heedless and unobservant. On the other hand, there is evidence that when the decedent passed a house about five hundred feet east of the intersection, he was traveling only eight or ten miles an hour. But assuming that he failed to observe either or both of these statutory requirements, such failure would be immaterial unless it contributed to the accident. *Hanscomb* v. *Goodale*, 81 N. H. 150; *Osgood* v. *Maxwell*, 78 N. H. 35; *Brember* v. *Jones*, 67 N. H. 374, ·379. The burden of proving that it did so contribute devolved upon the defendant (Laws 1923, c. 13; P. L., c. 328, s. 13), and while the jury could perhaps have found that a strict compliance with the statute on the decedent's part would have prevented the collision (*Tuttle* v. *Dodge*, 80 N. H. 304, 315), they were not obliged to so find, and may well have believed from the defendant's admitted conduct that the accident was due solely to his fault.

The defendant excepted to the admission of the testimony relating to the decedent's customary manner of turning from Indigo Hill road into High street, on the ground that his conduct at the time of the collision was "fully disclosed." *Minot* v. *Railroad*, 73 N. H. 317, 320, 321; *Bourassa* v. *Railway*, 75 N. H. 359.

In *State* v. *Currier*, 79 N. H. 171, it is said that this class of evidence is properly admitted or excluded according as the presiding justice finds that it will or will not be of aid to the jury. Obviously, evidence of custom cannot fairly be deemed useful when it conclusively appears "that in the particular instance such custom was not observed." *Tucker* v. *Railroad*, 73 N. H. 132, and cases cited. But it is not erroneous to admit the evidence where there is no direct proof of the party's behavior on the particular occasion (*Smith* v. *Railroad*, 70 N. H. 53, 82; *Tyrrell* v. *Railroad*, 77 N. H. 320), nor where, as here, the eyewitnesses had no time to view the situation clearly, and opposite inferences may reasonably be drawn from their testimony (*State* v. *Railroad*, 52 N. H. 528, 549, 550; *Hall* v. *Brown*, 58 N. H. 93, 96; *Kenney* v. *Hampton*, 73 N. H. 45). See also *Daley* v. *Insurance Co.*, 81 N. H. 502, 506; *State* v. *Hause*, 82 N. H. 133, 134. Other cases on the subject are collected in Hening's Digest, pp. 601, 602.

All concurred.                                        *Judgment for the plaintiff.*