Hillsborough,
Feb. 7, 1933.

### ALBERT CLARK *v.* JOSEPH F. TEMPLE.

*Thomas J. Leonard* (by brief and orally), for the plaintiff.

*Doyle & Doyle (Mr. Robert J. Doyle* orally), for the defendant.

BRANCH, J.   The evidence tended to prove the following facts. The plaintiff was struck and injured by the defendant's automobile as he was walking in a westerly direction on the Taylor's Falls Bridge, so-called, which spans the Merrimack river between the town of Hudson and the city of Nashua.   The accident happened upon September 24, 1930 between 6:15 and 6:30 P. M.   The defendant was driving his car in an easterly direction and the plaintiff was walking toward him in the roadway on the southerly side of the bridge where there was no sidewalk.   There was a sidewalk on the northerly side of the bridge which the plaintiff had used until he reached a point about 150 feet from the end of the bridge where there was a· street light.   There he crossed to the other side of the bridge because he intended to follow a sidewalk on the left side of a highway, known as Hollis street, which begins at the westerly end of the bridge.   He had taken ten or twelve steps after getting across the roadway before he was struck.   Plaintiff's eyesight was not good.   The head lights on the defendant's machine were lighted and his speed was about 25 miles per hour.   He testified that he did not see the plaintiff until the front end of the car was within three feet of him; that he then

applied his brakes and stopped within four or five feet and that if he had seen the plaintiff when he was ten feet away the accident would not have happened.

Upon this state of facts it was for the jury to decide whether the conduct of each party measured up to the standard of reasonable care. There is no merit in the argument of the defendant that the plaintiff was negligent as a matter of law because he left a place of safety for one of danger. Upon the defendant's theory, any person who crosses a highway would be guilty of negligence. If the conduct of the plaintiff is open to criticism at all it can only be upon the ground that he left the sidewalk sooner than was necessary. His action is explainable upon the ground that he intended to make a left turn at the end of the bridge; that his eyesight was poor, and that he crossed at a point where there was a light. The jury may properly have found that he was in the exercise of due care, although such a finding was not essential to the plaintiff's case. P. L., c. 328, s. 13.

The defendant's failure to see the plaintiff until the car was within three feet of him clearly justifies a finding of negligence and it follows that the motions for a nonsuit and a directed verdict were properly denied.

The record discloses three exceptions to the allowance of portions of the argument of plaintiff's counsel, all of which are of trifling importance and only one of which has been argued. The others are understood to be waived.

Plaintiff's counsel argued to the jury that Mr. Clark started to cross the street just after an automobile had passed him. The defendant asserts that there was "no evidence whatsoever in this case that an automobile had passed before Mr. Clark attempted to cross the highway." This emphatic statement can be explained only upon the assumption that defendant's counsel did not read the record. The defendant himself testified as follows: "Well, just before I hit him, there were a few machines went by," and when pressed to give a reason for his failure to see the plaintiff sooner than he did he replied, "The only thing I could see, he must have come from back of the other machine that was coming toward Nashua, that is the only excuse I know of." Plaintiff's argument was obviously supported by the evidence and the exception is overruled.

The defendant objected to other portions of the argument for the plaintiff but failed to take exception to the rulings of the court. No questions of law are, therefore, presented by this part of the record. *Tuttle* v. *Dodge*, 80 N. H. 304, 312.

For similar reasons the defendant's criticisms of the court's instructions to the jury do not require consideration. No exception to the charge appears in the record.

*Judgment on the verdict.*

All concurred.