Strafford,
June 1, 1937.

WARDEE CARLIN *v.* VINCENT DRAKE.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for the plaintiff.

*Keefe & Varney* (*Mr. Varney* orally), for the defendant.

BRANCH, J. The questions raised by defendant's motions for a nonsuit and a directed verdict do not require extended discussion. So far as the issue of the plaintiff's due care is concerned, it is governed by the considerations stated in *McCarthy* v. *Souther*, 83 N. H. 29.

There was also sufficient evidence of the defendant's negligence. The accident happened at an intersection of streets. P. L., c. 99, s. 1, *Par.* vi; *Judd* v. *Perkins*, 83 N. H. 39. The provisions of P. L., c. 103, s. 10, therefore, governed the defendant's conduct, and section 13 of the same chapter was also applicable thereto. The questions of excessive speed and failure to signal were, therefore, for the jury, and the defendant's motions that they be withdrawn were properly denied.

The verdict must be set aside, however, because of the unwarranted argument of plaintiff's counsel. Referring to the unobjectionable argument of defendant's counsel that Mrs. Carlin had crossed Central Avenue at the point in question thousands of times before the accident and was, therefore, familiar with traffic conditions at that point, counsel for the plaintiff argued as follows: "*Mr. Burns:*—and, Mr. Foreman and gentlemen, she was not struck once, not once, crossing a street at the scene of this accident, until this young man on the night of the accident came up and struck her and knocked her down and crippled her for life. *Mr. Keefe:* Exception to that, your Honor, on the ground that that matter is not an issue in this case as to what happened on this day. *The Court:* The Jury is instructed to disregard that portion of the argument which dealt with the fact whether or not Mrs. Carlin was injured on Central Avenue before the date of this accident. There is no evidence of that; it is not an issue. You are instructed to disregard it entirely. *Mr. Burns:* May I have an exception? *The Court*: Yes. *Mr. Burns:* I say to you, Mr. Foreman and gentlemen, Mr. Keefe has advanced that argument to you to charge her with knowledge of the traffic conditions down there. I say that there is no evidence that she was ever touched crossing that street before. *Mr. Keefe:* Exception. *Mr. Burns:*—that is fair evidence of the carelessness on the part of this young man on the night of the accident. *The Court:* Exception granted.

The trial court made a specific finding that the exception finally granted applied to the last sentence of the argument above quoted. This finding, if open to question at all in this court, was obviously proper. Plaintiff's counsel, in the sentence referred to, simply made clear the point of his previous assertions, to which the defendant had diligently objected and claimed exceptions, and the final exception was properly regarded as including the entire line of argument.

It is plain that by persisting in this argument after the initial ruling of the Presiding Justice, counsel violated the law of the trial. It is equally plain that by this argument he urged the jury to draw from

54

the evidence an inference not warranted thereby. The fact that the plaintiff had crossed the street in safety many times before had no logical tendency to prove that the defendant was at fault at the time of the accident. It is now well understood "that the assertion of an inference unwarranted by evidence will compel the setting aside of a verdict if it receives the express or tacit sanction of the court." *Salvas* v. *Cantin*, 85 N. H. 489, 491 and cases cited. By permitting the argument to stand and granting an exception thereto, the court impliedly sanctioned the inference which counsel urged upon the attention of the jury, (*Ib.*) and in accordance with the rule above stated, the verdict must be set aside.

*New trial.*

All concurred.