Hillsborough, ⎰
March 3, 1942. ⎱ No. 3311.

ELMER L. BOURQUE, *Conservator v.* NICHOLAS STRUSA.

*Sheehan & Phinney* and *Arthur A. Greene, Jr. (Mr. Greene* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

MARBLE, J.   The accident occurred at the corner of Willow and Valley Streets in Manchester.   Willow Street runs approximately north and south; Valley Street, east and west.   At the time of the accident two sets of street car tracks ran along the center of Valley Street.

Just before the accident occurred Beauchamp was walking north on the easterly sidewalk of Willow Street.   It was about 8:30 o'clock in the evening.   He testified that as he "got to the corner of the fence" at Valley Street he looked to his right as far as he could see, a distance of two hundred feet, "and it was absolutely clear"; there "was no vehicle of any sort coming."   He then looked to his left and saw an automobile approaching from the west on Valley Street.

Believing that he "had ample time to cross the street," he "started to cross over," and as he "was going across" he kept "looking at this car" in order to "get by all right." He was about to look east again when the accident occurred. He was then in the lane between the two tracks.

While the defendant's evidence tended to prove that the accident happened farther to the west (indicating that Beauchamp may have taken a somewhat diagonal course), it did not controvert Beauchamp's assertion that he had not reached the northerly set of tracks when he was struck by the defendant's car.

There was abundant evidence of the defendant's negligence. It could be found that he approached the intersection at an excessive rate of speed and without signaling in any manner, and that he did not see Beauchamp until he was within a foot of him. Although he claimed to have been blinded by the lights of a car parked at the southwesterly corner of the intersection, he did not reduce his speed. Moreover, the driver of the eastbound car testified definitely that no car was parked "around there anywhere." There was no error in the denial of the defendant's motions. *Clark* v. *Temple*, 86 N. H. 170, 171; *Feuerstein* v. *Grady*, 86 N. H. 406; *Nicholaides* v. *Wallace*, 86 N. H. 465; *Carlin* v. *Drake*, 89 N. H. 52, 53.

In his argument to the jury plaintiff's counsel said: "Are we bound by the testimony of Mr. Strusa that he was going twenty to twenty-five miles an hour? . . . Don't you think he may have been going a little more than that? You don't have to believe he was going only twenty-five miles an hour if you don't want to. . . . There is no testimony except that of Mr. Strusa that he was going twenty-five miles an hour. You have in connection with that the fact he struck Ludger Beauchamp with such force that he was hurled fifteen to eighteen feet."

The Presiding Justice permitted this argument to stand, and the defendant excepted.

The driver of the eastbound automobile testified that the defendant was thrown "a distance of fifteen to eighteen feet" by the impact, that "his arms and legs were all spread out" and that he "was doing the spread-eagle, so to speak." The left fender of the defendant's car was damaged by the force of the blow and the headlight was knocked off and left hanging. The defendant first said that his speed was about twenty miles an hour and that he was "slowing down" as he approached the intersection, but after an extended cross-examination he finally admitted that he was "going

twenty to twenty-five miles an hour" when he "struck Mr. Beau-champ." In view of these circumstances it was permissible to argue that the defendant was driving at a greater speed than he was willing to admit. See 15–16 Huddy, Automobile Law (9th *ed.*), s. 179.

The defendant excepted to the granting of one of the plaintiff's requests for instructions. This request is not printed in the reserved case but is quoted in the defendant's brief as follows: "It is not neces-sarily negligent for a pedestrian, when crossing a street, to postpone careful scrutiny of traffic approaching on his right until the lane oc-cupied by such traffic is reached." This request comprises a sentence taken from the opinion in *Feuerstein* v. *Grady*, 86 N. H. 406, 408.

The Presiding Justice did not grant the request without appro-priate modification. He said: "Now, Gentlemen, while it was not necessarily negligent for the plaintiff to postpone a careful scrutiny of traffic approaching from the east until he reached the lane nor-mally occupied by this traffic, here again it will be for you to say whether in this case under all the circumstances he acted reasonably. If he didn't act reasonably, if he didn't act with the care of the ordi-nary man of average prudence in crossing that street, then you will find the plaintiff guilty of contributory negligence, and your verdict will be for the defendant."

The defendant does not question the correctness of this instruction as a legal proposition, but suggests that since the question whether the plaintiff was guilty of contributory negligence as a matter of law was for the court, it was not only unnecessary but prejudicial to tell the jury that a person might properly do just what the plaintiff claimed he was doing. The defendant's rights were not prejudiced by the instruction. The exposition of a principle of law in general terms is not always adequate. *McCarthy* v. *Souther*, 83 N. H. 29, 34. Throughout the trial defendant's counsel emphasized the contention that Beauchamp was at fault for walking "more than halfway across Valley Street without once looking to the east." In order that the jury might have an intelligent understanding of the issue submitted, the Presiding Justice was clearly warranted in dealing as he did with this particular request. See *Stowe* v. *Hartford*, 91 N. H. 261, 264. "The fairness of a trial requires that the charge shall inform the jury what the law is in its application to the case, when a proper request therefor is made." *Simoneau* v. *Railway*, 78 N. H. 363, 365.

*Judgment on the verdict.*

Branch, J., did not sit: the others concurred.