Cheshire,
No. 4330.

### Leslie Naramore *v.* Gladys Derby Putnam.

Argued June 2, 1954.

Decided July 1, 1954.

*Bell & Bell* (*Mr. Ernest L. Bell, III* orally), for the plaintiff.

*Olson & Olson* (*Mr. Arthur Olson* orally), for the defendant.

KENISON, C. J. It is not uncommon in intersectional collisions to find "the usual conflict of testimony" as a common denominator and this case is no exception. *Dunsmore* v. *Company*, 90 N. H. 470, 471; *Murphy* v. *Winter*, 87 N. H. 481, 482. The defendant's exception to the denial of her motion for a directed verdict "raises the question of whether there was any evidence to sustain the verdict, and if so whether the verdict could properly be reached upon the evidence. *Bennett* v. *Larose*, 82 N. H. 443, 445." *Curtis Mfg. &c. Co.* v. *Company*, 98 N. H. 48, 50. Under familiar principles of law the evidence is to be considered most favorably to the party who received the verdict from the fact finder.

There was evidence that the plaintiff stopped at or just beyond the stop sign before he entered the favored highway, Route 10, when the defendant was observed at least 400 feet away proceeding at a reasonable speed. The defendant at no time applied her brakes and there is evidence from which the jury could find that

immediately prior to the accident she took her hands from the steering wheel and lost control of her automobile. There was also evidence that although the defendant was proceeding in the westerly lane the accident occurred on the easterly lane of Route 10. The plaintiff was required to stop before entering Route 10 and whether he did involved an issue of fact which was resolved under proper instructions from the Court. *Rogers* v. *Nelson*, 97 N. H. 72, 73; *Legere* v. *Buinicky*, 93 N. H. 71. The plaintiff's conduct in this case is not comparable to the negligent conduct in *Adams* v. *Landry*, 93 N. H. 74, where the driver of the vehicle at the stop sign proceeded 50 feet into the middle of the state highway "without once looking in the direction from which" the other vehicle was approaching. The regulation relating to the stop sign in this case, however, was of the same type considered in the *Adams* case, and required that the plaintiff stop and "yield the right of way to vehicles traveling on" Route 10. Consequently it "rendered inapplicable the 'intersecting way' statute [R. L., *c.* 90, *pt.* 20, *subs.* 3, as inserted by Laws 1945, *c.* 188]" (*Adams* v. *Landry, supra,* 77), under which the plaintiff would have had the right of way after stopping, in accordance with "the usual rule" (*Legere* v. *Buinicky, supra,* 73) if the vehicles arrived at the intersection at approximately the same time. *Gendron* v. *Glidden*, 84 N. H. 162; *Beaule* v. *Weeks*, 95 N. H. 453, 457, 458. Although he was approaching from the defendant's right, the regulation required that he yield precedence to the defendant's vehicle traveling upon the state highway.

Because the regulation and the statute authorizing it both provide that "any person violating the . . . regulations . . . shall be liable for all damage occasioned thereby" (R. L., *c.* 90, *pt.* 19, *subs.* 4, as inserted by Laws 1945, *c.* 188) the defendant contends that the plaintiff is barred from recovery as a matter of law. This contention cannot be accepted. The duty to yield the right of way is not absolute (see *Copadis* v. *Haymond*, 94 N. H. 103) and the operator of the less favored vehicle does not necessarily enter the intersection at his peril. 2 Blashfield Cyc. Automobile Law, *s.* 1025. See anno. 164 A. L. R. 8, 24, 127. As in the case of the less favored operator under the intersecting way statute, he is entitled after stopping to cross if "a man of reasonable prudence [in his position] . . . would reasonably . . . [conclude] that he could pass the intersection without danger of collision." *Gendron* v. *Glidden, supra,* 168.

The statutory provision imposing liability for all damage occasioned by violation of the regulation is the same which has appeared in the law of the road for many years. R. L., *c. 90, pt. 20, subs. 4*, as inserted by Laws 1945, *c.* 188. As early as 1881 it was decided that violation of the law of the road imposed no liability for "constructive fault" (*Lyons* v. *Child*, 61 N. H. 72, 75), and in *Brember* v. *Jones*, 67 N. H. 374, 376, it was laid down that such violation "would not necessarily and as matter of law defeat a recovery." See also, *Bowdler* v. *Company*, 88 N. H. 331, 333; *Vassillion* v. *Sullivan*, 94 N. H. 97, 101. The defendant's request for an instruction that the plaintiff was "legally [liable] for all damages resulting from this accident and . . . estopped from recovering" was properly denied. Whether the plaintiff was free from fault or the defendant exercised due care "were questions properly left to the jury." *Rogers* v. *Nelson, supra; Bissonnette* v. *Cheverette*, 87 N. H. 211.

The defendant has argued that violation of the stop sign regulation is causal as a matter of law and entitles him to a directed verdict, citing *Johnson* v. *Railroad*, 83 N. H. 350. Technically the argument is not available since the jury's verdict is consistent with the finding that the plaintiff did not violate the stop sign regulation. However if the jury verdict was predicated on the violation of the stop sign regulation but they gave their verdict for the plaintiff because of the last clear chance doctrine, the defendant's position would not be improved. No error is perceived in submitting the last clear chance doctrine to the jury for the reasons stated in *Lincoln* v. *Tarbell*, 98 N. H. 153, 155. Subsequent cases applying the *Johnson* case found it necessary over a period of time to distinguish it, explain it and question it. In *Mandell* v. *Company*, 94 N. H. 1, 3, it was pointed out that the case had been "freely criticized as unduly harsh and unrealistic." In *Vassillion* v. *Sullivan*, 94 N. H. 97, 102, it was stated that the *Johnson* case is "overruled in its entirety." There is no indication that there has been any retreat from this holding. *Fuller* v. *Sirois*, 97 N. H. 100. It follows that violation of a stop sign regulation does not establish negligence as a matter of law and creates liability only if it is causal. *Vassillion* v. *Sullivan, supra.*

*Judgment on the verdict.*

All concurred.