John CONN, Administrator of the Estate of Delbert Richardson, Plaintiff-Appellee.

v.

Kenneth YOUNG, Defendant-Appellant.

No. 146, Docket 25197.

United States Court of Appeals Second Circuit.

Argued March 3, 1959.

Decided June 15, 1959.

James L. Oakes, Brattleboro, Vt. (Gannett & Oakes, Brattleboro, Vt., on the brief), for plaintiff-appellee.

Henry F. Black, White River Junction, Vt. (Peter P. Plante, White River Junction, Vt., on the brief), for defendant-appellant.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District Judge.*

MEDINA, Circuit Judge.

On July 21, 1956, at about 6:30 p. m. an automobile driven by Delbert Richardson, plaintiff's decedent, swerved from the road, hit an elm tree and turned over, coming to rest on its right side, facing in the opposite direction to its original course. The truck of the defendant, Kenneth Young, following close behind, collided practically head-on with the overturned vehicle. Young appeals from the judgment entered on the verdict of $25,000 against him.

Disregarding Young's exculpatory version of what occurred, there was evidence from which the jury might have found the following facts favorable to plaintiff. The two men, Richardson and Young, had spent this Saturday afternoon drinking in Ray's restaurant in Brattleboro, Vermont, both men having consumed a considerable quantity of whiskey. Later in the afternoon they met again with their wives in Young's home in Hinsdale, New Hampshire. A discussion ensued about the relative merits and power of their respective cars and a bet of $5 was made, to be won by the first one to reach the monument on the way to Brattleboro. As the wives protested, the bet was called off and the money returned by the stakeholder. Later in the afternoon Richardson left in his 1948 Chevrolet sedan to go to Brattleboro to bring back the children and "right afterwards" Young and his brother got in Young's 1937 Ford pickup truck and departed at high speed to take Young's brother back to Brattleboro.

Shortly thereafter Richardson arrived at a curve on New Hampshire Route 119, a "mile or two" from the Young residence. The place is called Lipscomb Hollow. From the top of a hill the road curves to the right in the direction Richardson was driving, and then ascends to the top of another hill. The road was a tar surface road. As Richardson started down the hill to make the curve at a high rate of speed his car got out of control, swerved to the left, past the entire surface of the road, and knocked over two guard posts and a mail box on the other side of the road. It finally hit a large elm tree, bounced to the right, turned over and came to a stop in the lane of the roadway in which Richardson had been driving to Brattleboro, but turned around facing the direction from which he had been coming. There it lay, on its right side when Young crashed into it head-on.

* United States District Judge for the Southern District of California, sitting by designation.

The distance from the top of the hill to the elm tree was 200 to 300 yards. The swerve mark showing the path of the Richardson car, as it crossed the white line separating the two lanes of the highway, measured 228 feet back from the elm tree. The tire marks made when Young applied his brakes covered a distance of only 20 or 21 feet and they led from a point just across the white line to the place where the cars were found after the accident, some 62 feet crosswise from the elm tree.

As Young reached the top of the hill he saw and recognized Richardson's car ahead of him; he saw Richardson swerve to the left in a cloud of dust, apparently out of control; he had only mechanical rather than hydraulic brakes, and used them, and he "tried to pass on the right to avoid" hitting the Richardson car. The distance separating the two cars as Young came over the brow of the hill is a matter of inference.

In his complaint plaintiff alleged two clear and unambiguous bases for recovery, in the alternative: (1) that Young "wilfully, wantonly and recklessly" overtook the decedent, Richardson, and forced him "off the road and out of control"; and (2) that after Young observed Richardson "in a position of peril from which he was unable to extricate himself" Young had "a last clear chance to avoid the collision" but under the circumstances failed to exercise reasonable care to avoid it. No amendment of either of these claims for relief was sought or granted during the trial. The jury found "defendant is liable as the plaintiff in his complaint has alleged" and fixed the damages arising out of Richardson's death in the amount of $25,000.

■■ Jurisdiction is based upon diversity of citizenship and the accident occurred in New Hampshire; accordingly the substantive aspects of the case are governed by New Hampshire law and rulings on the admissibility of evidence are governed by the law of the forum, Vermont. See Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Wells v. Simonds Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211; Sampson v. Channell, 1 Cir., 1940, 110 F.2d 754, 128 A.L.R. 394, certiorari denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Brown v. Perry, 1931, 104 Vt. 66, 156 A. 910, 77 A.L.R. 1294; Fed.R.Civ.Proc. 43(a), 28 U.S.C.A.

■ ■ As there was not the slightest doubt that Richardson was driving at a dangerous rate of speed and that he had consumed an ample quantity of liquor, plaintiff's counsel in his opening to the jury very wisely conceded that Richardson was guilty of contributory negligence. But this did not put plaintiff out of court as the negligence of the injured person does not prevent recovery for a wilful, wanton or reckless injury, Donahoo v. Illinois Terminal R. R., Mo.1957, 300 S.W.2d 461; Long v. Foley, 180 Kan. 83, 299 P.2d 63; Bryan v. Southern Pacific Co., 1955, 79 Ariz. 253, 286 P.2d 761, 50 A.L.R.2d 1; Adkisson v. City of Seattle, 1953, 42 Wash.2d 676, 258 P.2d 461; and the theory of the last clear chance doctrine applies even if the injured person negligently placed himself in a position of peril from which he could not extricate himself. Naramore v. Putnam, 1954, 99 N.H. 175, 106 A.2d 568; Mack v. Hoyt, 1947, 94 N.H. 492, 55 A.2d 891; Lee v. Hustis, 1920, 79 N.H. 434, 111 A. 627. There is, however, considerable authority to support the view that contributory recklessness having a causal relation to an accident is an effective bar to an action based on recklessness. See Gulf, M. & O. R. Co. v. Freund, 8 Cir., 1950, 183 F.2d 1005, 21 A.L.R.2d 729, certiorari denied, 340 U.S. 904, 71 S.Ct. 280, 95 L.Ed. 654; Elliott v. Philadelphia Transp. Co., 1947, 356 Pa. 643, 53 A.2d 81; Hinkle v. Minneapolis, A. & C. R. Ry., 1925, 162 Minn. 112, 202 N.W. 340, 41 A.L.R. 1377; Osteen v. Atlantic Coast Line R. Co., 1922, 119 S.C. 438, 112 S.E. 352; Moore v. Lindell Ry., 1903, 176 Mo. 528, 75 S.W. 672. The record does not disclose that this point was raised. But it is clear that plaintiff's claim was not based on ordinary negligence and that, on the last clear chance phase of the

case any negligence of Young, prior to his discovery of Richardson's peril, was not material.

We are asked to reverse the judgment on the following points together with some others that we find it not necessary to discuss: (1) that the evidence did not warrant any recovery whatever against Young; (2) that various and sundry errors were committed in the instructions to the jury, to which exceptions were noted, and in refusals to instruct as requested; (3) that certain opinion evidence was allegedly improperly received over objection; and (4) that no recovery in excess of $15,000 should have been permitted in any event.

Several features of the case should be noted by way of preliminary. At no time did defendant move to withdraw from the consideration of the jury the claim for relief alleged in the first count of the complaint to the effect that Young wilfully, wantonly and recklessly forced Richardson off the road. For some reason not clear to us, but probably because the subject cuts both ways, there is little or no discussion or citation of authorities in the briefs of either of the parties on the legal bearing on the case of the issue of whether or not either or both of the participants were racing at the time, and whether or not this was the sole cause of the accident.[1] Perhaps some requests for instructions on this subject were submitted to the trial judge by ei-

ther or both of the parties, but we do not find them in the record before us. We think it too clear for reasonable debate that the evidence warranted an inference that either or both of the participants were racing, despite defendant's claim to the contrary.

■■ We find no merit in the argument that a verdict should have been directed in defendant's favor. While the record is completely devoid of any evidence to support the claim that Young forced Richardson off the road, and, in the absence of some application to amend this claim, it should have been withdrawn from the consideration of the jury, there was sufficient proof to sustain the claim for recovery on the basis of the last clear chance doctrine. It was for the jury to say whether Young had an actual awareness of the fact that Richardson was in a position of peril from which he could not extricate himself and whether after such awareness due care required and time afforded an opportunity for saving action. See Lincoln v. Tarbell, 1953, 98 N.H. 153, 95 A.2d 778; Mack v. Hoyt, supra; Frost v. Stevens, 1936, 88 N.H. 164, 184 A. 869.

■ The instructions, however, are confusing, unduly complicated and heavily weighted in plaintiff's favor. In some instances where proper and necessary instructions are given in the form submitted by defendant they are inserted out

[1]. N.H.Rev.Stat.Ann. Section 263:59 (1955) provides:

"*Road Racing.* It shall be unlawful for any person to conduct or participate in any prearranged motor-vehicle race on any public way in this state. Whoever violates this section shall be punished by a fine of not more than two hundred dollars or imprisonment for not more than six months or by both such fine and imprisonment."

Section 262:15 (1957 Supp.), effective April 29, 1955, provides:

"*Reckless Operating.* Whoever upon any way operates a vehicle recklessly, or so that the lives or safety of the public shall be endangered, or upon a bet, wager or race, or who operates a vehicle for the purpose of making a record, and

thereby violates any of the provisions of this title or any special regulations made by the commissioner, shall be fined not more than one hundred dollars, or imprisoned not more than six months, or both; and for a second offense he shall be imprisoned not less than one month nor more than one year. If the death of any person results from the reckless operation of a motor vehicle the person convicted of such reckless operation shall, in lieu of any other penalty imposed by this section, be fined not more than one thousand dollars, or imprisoned not more than five years, or both, provided that the provisions of this section shall not be construed to limit or restrict prosecution for manslaughter."

of context and so enmeshed in irrelevant verbiage as not to be intelligible to the jury. The instructions were so erroneous in several respects and so prejudicial to defendant as to require a new trial. We think it necessary to discuss only the following exception to the instructions as given:

"The defendant respectfully excepts to the failure of the Court to charge contributory negligence out of this case by reason of the concession of the plaintiff that the plaintiff's intestate was guilty of contributory negligence."

Contributory negligence had been conceded out of the case in plaintiff's opening to the jury, but it was nonetheless woven into the fabric of the charge to such an extent as to make it quite impossible for the jury to know whether it was in the case or out of the case, and, if in, how it was in. The principal instruction on that subject was as follows:

"If, however, you find that the defendant was not wantonly negligent, but was simply negligent, and that this negligence was a proximate cause of the injury, then the plaintiff is entitled to recover, unless you find that Richardson was guilty of contributory negligence which was a proximate cause of his death.

"Contributory negligence is negligence on the part of the plaintiff which contributes to and is a proximate cause here of the death.

"If you find that the defendant was negligent, and that his negligence was a proximate cause of the accident, and that the decedent, Richardson, was free of contributory negligence, then the plaintiff is entitled to recover. As I have said, on this matter of contributory negligence the burden of proof is on the defendant.

"It is not necessary that the defendant put in evidence bearing directly on this subject matter. Here a finding of contributory negligence must be made on the evidence of the plaintiff. It is immaterial whether or not the defendant was guilty of negligence prior to the actual discovery of the peril.

"If, however, you find that Richardson was contributorily negligent then you must proceed to consider one further point. * * * *"

What the jury may have understood this to mean we are unable to say. But its meaning to us is that it made such a hodge-podge of the entire case as to justify setting aside the verdict in plaintiff's favor.

On the new trial certain questions of law discussed in the briefs are likely to come up again and we shall discuss these questions briefly.

■■■■ (1) It was not error to permit the State Trooper and the Sheriff to testify that in their opinion, based upon the evidence disclosed by their investigation, including the elm tree and the condition of the two cars after the accident, Richardson's car hit the elm tree a glancing blow and not head-on, and that the steering wheel of the Richardson car was bent and pushed out of position by the collision of the two cars rather than by hitting the elm tree. These men had investigated a large number of automobile accidents and were entirely qualified to give this testimony. See State v. Demars, 1954, 118 Vt. 175, 102 A.2d 845; Leonard v. Henderson, 1953, 118 Vt. 29, 99 A.2d 698; Lucas v. Kelley, 1929, 102 Vt. 173, 147 A. 281; Magoon v. Before, 1901, 73 Vt. 231, 50 A. 1070; 7 Wigmore, Evidence Section 1923 (1940).

But we are unable to perceive any reason for refusing to grant the following request for instructions submitted by Young:

"You are not bound to accept the statements or conclusions of witnesses who testify to opinions, and you may reject such evidence if it conflicts with the inferences that you yourselves draw from the facts appearing in evidence."

(2) At the time of the accident the New Hampshire limit of recovery in cases of wrongful death was $15,000. By an amendment taking effect June 30, 1957, almost a year after the collision of the Young and Richardson cars, this limit was raised to $25,000. N.H.Rev. Stat.Ann., Section 556:13 (1957 Supp.). While the point was not made during the trial, appellant by a motion for a new trial on December 16, 1957, one week after the verdict was rendered, urged *inter alia* that the amendment could have no retroactive effect and that there could be no recovery in excess of $15,000. The trial judge in an unreported memorandum, filed January 29, 1958 denied the motion and held that he had instructed the jury that a recovery might be had up to $25,000, that no exception had been noted and that this had become "the law of the case and the parties are bound thereby."

 We are convinced that New Hampshire would follow its usual rule of applying legislation only prospectively. Keating v. Town of Gilsum, 1956, 100 N.H. 84, 119 A.2d 344. Indeed, New Hampshire appears to carry this rule even further than do most jurisdictions, for it is applied at least to some matters of procedure as well as to substantive rights. Murphy v. Boston & Maine R. R., 1915, 77 N.H. 573, 94 A. 967. In passing on a similar Connecticut statute we have already held that the Connecticut Supreme Court would not interpret it as applicable to recoveries for deaths caused by wrongful acts occurring before the statute became effective. Field v. Witt Tire Co., 2 Cir., 1953, 200 F.2d 74, 77–78. Many other decisions to the same effect are cited in Herrick v. Sayler, 7 Cir., 1957, 245 F.2d 171.

The instruction permitting recovery up to $25,000 was plain error and, but for the remand, we would have noted it in the interest of substantial justice between the parties, and directed a reduction of $10,000 in the amount of the recovery on remittitur. See Louisiana & Arkansas Ry. v. Moore, 5 Cir., 1956, 229 F.2d 1, 59 A.L.R.2d 574, certiorari denied, 351 U.S. 952, 76 S.Ct. 849, 100 L.Ed. 1475; Hite v. Western Maryland Ry., 4 Cir., 1954, 217 F.2d 781, certiorari denied, 349 U.S. 960, 75 S.Ct. 890, 99 L.Ed. 1283.

Reversed and remanded.