242

Rockingham
No. 6775

GERALDINE SIMON v. WILBERT LAMBERT

JOSEPH SIMON v. SAME

May 30, 1975

*Shute, Engel & Frasier* and *Robert L. Steuk (Mr. Steuk* orally) for the plaintiffs.

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) for the defendant.

GRIFFITH, J. These cases arise out of a collision in Salem, New Hampshire on August 23, 1963, between a car operated by Joseph Simon and one operated by Wilbert Lambert. Geraldine Simon was a passenger in the car operated by her husband, Joseph Simon, and initially brought suit against both her husband and Wilbert Lam-

bert. The action against her husband was settled prior to trial for $3,250 on a covenant. Trial by jury resulted in a verdict for Geraldine in the amount of $15,000 and for Joseph in the amount of $2,500. The ad damnum in the suit brought by Geraldine was $10,000. The trial court on a motion to increase the ad damnum to $20,000 filed after verdict, increased the ad damnum to $13,250, and allowed a setoff to the defendant of $3,250, the amount received in settlement of the suit against Joseph. Defendant's exceptions to the trial court's charge and the increase in ad damnum were reserved and transferred by *Morris*, J.

The defendant requested the court to charge the jury on the issue of the negligence of Joseph Simon in accordance with RSA 262-A:54 I, III which forbids the operation of a motor vehicle at speeds greater than reasonable and proper under normal or special circumstances. This statute is declaratory of the common law *(Owen v. Dubois,* 95 N.H. 444, 66 A.2d 80 (1949)) and if the charge as a whole instructed the jury properly on this issue, it was not prejudicial to the defendant because it was "couched in terms of common law rather than statutory duty." *Theriault v. Vanasse,* 111 N.H. 155, 158, 277 A.2d 313, 315 (1971). "The issue presented is whether the charge as a whole was such that it may have led the jury to return wrong verdicts." *Poulin v. Provost,* 114 N.H. 263, 264, 319 A.2d 296, 298 (1974).

The court charged the jury that the plaintiff's conduct should be judged by the standard of reasonable prudence to determine whether he was causally negligent in the accident. The charge specifically mentioned speed as one of the factors to be considered and incorporated RSA 262-A:24, the "following too closely" statute. Since the charge presented to the jury all of the factors and common-law rules necessary for their determination of the issue of plaintiff's negligence, no prejudice to the defendant resulted from the failure to charge in the language of the statute. *Theriault v. Vanassee,* 111 N.H. 155, 277 A.2d 313 (1971).

The pleadings included with the reserved case indicate an original ad damnum in the case of Geraldine Simon of $10,000. Counsel for Geraldine after verdict filed a motion to increase the ad damnum to $20,000. The trial court on April 4, 1973, granted an increase to $13,250 and reduced that amount by the $3,250 which the plaintiff had received in settlement of the suit against her husband. This resulted in a net verdict of $10,000.

Defendant concedes that New Hampshire practice permits the trial court to grant an increase in the ad damnum after verdict

*(Haney v. Burgin,* 106 N.H. 213, 208 A.2d 448 (1965); *Derby v. Public Service Co.,* 100 N.H. 53, 119 A.2d 335 (1955); RSA 514:9 (1974)). Defendant argues, however, that such amendments are not allowed when the original ad damnum did not exceed the defendant's insurance coverage and the result of the increased ad damnum is a judgment in excess of the insurance coverage. An amendment permitting an increase under these circumstances was disallowed in *Valliere v. Filfalt,* 110 N.H. 331, 266 A.2d 843 (1970), relied upon by the defendant.

The rationale of the *Valliere* case was that when the ad damnum was not in excess of defendant's insurance coverage, he could rely upon the insurance company to protect his interests. The allowance after verdict of a judgment against such a defendant in excess of his insurance coverage would impose personal liability without having afforded him any opportunity to protect himself. Since coverage in the present case was $10,000 and no personal liability resulted from the increase in the ad damnum after verdict, it is not within the ambit of *Valliere v. Filfalt,* 110 N.H. 331, 266 A.2d 843 (1970). *See Heath v. Joyce,* 114 N.H. 620, 326 A.2d 260 (1974).

*Exceptions overruled; judgment for the plaintiff.*

DUNCAN, J., did not sit; the others concurred.

ON MOTION FOR REHEARING: After the foregoing opinion was filed, the defendant moved for rehearing.

*Devine, Millimet, Stahl & Branch* for the motion.

*Shute, Engel & Frasier* opposed.

GRIFFITH, J. Defendant's motion now suggests that the interest on the verdict is not included in his insurance coverage and the sustaining of the trial court's motion to amend will render him personally liable for the interest. If this assertion is correct, relief may be obtained from the trial court on motion since neither its order nor our opinion contemplated any liability of the defendant beyond his insurance coverage in this case.

*Motion denied.*

DUNCAN, J., did not participate in the consideration or decision of the motion for rehearing; the others concurred.

June 30, 1975.