Hillsborough, }
Feb. 3, 1920. }

### Barney F. Hughes *v.* James Cavanaugh.

On cross-examination of an expert, a physician, who testified he had seen a report interpreting an x-ray picture but that the negative was then broken, the question "Did anyone object to your taking another x-ray?" was relevant as bearing on the preparation he had made to qualify himself to give expert testimony.

A witness having so changed his testimony as to warrant the inference that he had lied in favor of the defendant, the remark of plaintiff's counsel, "That was the time they fixed him, and he was easy to fix" was not exceptionable.

Trespass, for assault and battery. Trial by jury and verdict for the plaintiff. The evidence tended to prove that the defendant assaulted the plaintiff and lamed his knee. Someone took an x-ray of his knee and sent the plate to an expert to be interpreted. The plate was returned with a report as to what the x-ray indicated. When the plaintiff offered the report in evidence the court excluded it, but permitted him to inquire of a physician called by the defendant whether he had seen it. After the witness testified that he had seen the report but that at that time the x-ray plate was broken, the court permitted counsel to ask him if anyone objected to his taking another x-ray.

Transferred from the January term, 1919, of the superior court, by *Allen,* J., on the defendant's exceptions to these rulings and to remarks of plaintiff's counsel which appear in the opinion.

*Doyle & Lucier* (*Mr. Lucier* orally), for the plaintiff.

*Taggart, Tuttle, Wyman & Starr* (*Mr. John J. McDonald* orally), for the defendant.

Young, J.   If the report of the expert was excluded because it was hearsay and not because it was incompetent, the plaintiff did not violate the rule laid down in *Batchelder* v. *Railway*, 72 N. H. 329, when he asked the question excepted to, for since the witness had testified that in his opinion the plaintiff's lameness was the result of disease, it was permissible for counsel to show what investigation the witness made in order to qualify himself to give expert testimony; and that appears to be what counsel was doing when he asked these questions.

Plaintiff's counsel, in commenting on a witness called by the defendant, said in substance, they could prove anything by him; he told one story when they put him on the stand in the morning, and another when they recalled him in the afternoon; "that was the time they fixed him, and he was easy to fix; I say from the evidence he was fixed by someone." The question raised by the exception to the statement is whether the evidence warranted it. The defendant does not contend it cannot be found from the evidence that the witness lied, but that it cannot be found anyone had "fixed" him.

Now it is common knowledge that men do not act without a reason. In fact a reason is as essential to human activity as gravity to the stability of matter.

If, therefore, the witness lied the second time the defendant called him to the stand, he had a reason for doing it. Since he lied to aid the defendant it may be found that the reason he lied was because the defendant or someone acting for him or in his interest asked him to testify as he did.

Since this inference is one which may be drawn from the evidence, it cannot be said that counsel was not acting within his rights when he asked the jury to draw it, for the question for the court is whether the inference is one that may, not whether it is the one which should be drawn from the evidence.

*Exception overruled.*

All concurred.