Hillsborough, }
June 26, 1930. }

WALENTZ PIATECK *v.* KENNETH G. SWINDELL.

*William G. McCarthy, Peter J. King, John M. Stark,* and *Warren, Howe & Wilson,* for the plaintiff.

*Timothy F. O'Connor* and *Myer Saidel,* for the defendant.

ALLEN, J.   I. The plaintiff was a passenger in a truck driven easterly and struck at an intersection of streets in Manchester by the defendant's car driven northerly.   There was evidence that the truck had the right of way through the, intersection by its first arrival there and that the defendant was exceeding the statutory speed limit.   His negligence is here conceded, but it is claimed that the plaintiff was conclusively shown also to be negligent.   The plaintiff was sitting on the floor of the cab of the truck with his right leg hanging out of the cab and his right foot resting on the right hand running

board. There was no room for him on the seat of the cab and it was inconvenient for him to ride in the rear part of the truck. He was in the truck on its business and its trip was a short one. As the plaintiff was traveling, a blind corner shut off the view of the intersecting street until the intersection was reached. The plaintiff saw the defendant's car at some distance away when the truck entered into the area of intersection and thought the truck would leave the intersection before the defendant reached it. He did not observe the defendant's speed but his thought was well founded on the premise that the speed was not excessive. After his observation of the defendant's car he directed his attention elsewhere and the collision took place without his having realized its imminence.

If it may be said that the plaintiff was careless to sit in such a position as he did, it was because of dangers likely to be encountered. And if in his position he took proper precautions and kept reasonable watch against such dangers, he is not to be held careless because he did not look out for dangers he had no occasion to anticipate. There is no carelessness in encountering dangers not reasonably to be sensed and not in fact known. The plaintiff's careless position would no more be a cause, in a legal sense, of injury resulting from such dangers than if the driver of the truck were known to him to be incompetent. If his position was careless, it was not so in his relationship with the defendant from whom no menace was indicated.

It is not negligent for one to assume that another will do his duty when there is no occasion to assume otherwise, and the plaintiff's position was analogous to that of a pedestrian who in crossing a street is not required to be on the lookout for trouble not reasonably to be anticipated. *McCarthy* v. *Souther*, 83 N. H. 29, 32. If the defendant's car had been stationary, clearly the plaintiff would not have been careless in failing to keep it under observation, and considering its distance of four or five rods from the intersection when he did observe it and the time it would take to reach the intersection if it was coming at a proper speed, negligence in failing to keep it in view in that situation may at least be questioned. He correctly judged distance and his failure correctly to judge time was not a careless failure as a matter of law. The fault may well be found to be only that of the defendant whose illegal speed caused the misjudgment.

The argument is made that the plaintiff was negligent because he needlessly encountered a known danger. The argument is defective in respect both to fact and to law. As already appears, the danger was unknown to the plaintiff or at least might be found one not to

be reckoned for so as to put him in fault for failure to appreciate it. And incurrence of a known danger is not the legal equivalent of negligence. *Prichard* v. *Boscawen*, 78 N. H. 131, 133, and cases cited; *Hussey* v. *Railroad*, 82 N. H. 236, 241, 242; *Owen* v. *Elliot Hospital*, 82 N. H. 497, 499.

II. In argument plaintiff's counsel, referring to the defendant's admission of an interview with his own counsel during a recess of the trial at which the inaccuracies of the testimony he had given were discussed, said he admitted that "he had had some suggestions about his testimony made to him by counsel, and he was trying to tell it fair." Exception was taken to the allowance of the argument as contrary to the evidence. The statement of counsel was a fair account of the admission. Discussion between the defendant and his own counsel of his inaccurate testimony necessarily meant suggestions about it by his counsel.

The defendant now seeks to maintain the exception on the further ground that the argument was meant to imply that the defendant was influenced by his counsel to change his testimony, and undertakes to show it by the omission of plaintiff's counsel to refer to his testimony in which he denied such influence. If this ground of exception were now available, it would be a sufficient answer to it that counsel in argument may disregard explanatory testimony the same as the jury may discredit it. There is no obligation of counsel to point out the testimony favorable to the other side. And an inference of influence as the reason for changed testimony after an interview with counsel is a fair one. *Hughes* v. *Cavanaugh*, 79 N. H. 362, 363.

Subject to exception, plaintiff's counsel in argument said that the plaintiff's care was "admitted, or might as well be admitted, because to say otherwise is folly," and that the jury might take it "as an established fact on the evidence." The exception is so lacking in merit as to deserve but slight comment. Evidence of care justifies the assertion in argument that care is an established fact.

Exception was taken to another statement in argument to the effect that the defendant testified to the truth of an admission at the time of the collision of driving at an illegal speed as he approached the intersection of the streets. As to the objection that the evidence was misstated, the record sustains the statement. The further objection understood now to be made that the admission could be used only to discredit the defendant's testimony, if available, is met not only by the defendant's testimony that his admission was truthful

when made but as well by the rule that admissions by a party of facts material to the cause are evidence against him.  *Caswell* v. *Garage, ante* 241.

*Judgment on the verdict.*

All concurred.