Belknap, }
June 7, 1932. }

SCOTT W. MUDGETT *v.* CLIFFORD MCDONALD & *a.*

*Stanton Owen* and ***Thomas P. Cheney*** (*Mr. Cheney* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendants.

ALLEN, J. The plaintiff, driving his automobile northerly on Union avenue in Laconia, undertook to make a left hand turn, across the avenue, and enter an intersecting highway named Bridge street. His progress in the undertaking was slowed by a truck traveling southerly on the avenue and turning into Bridge street ahead of him. The defendants' car, coming south on the avenue at some distance behind the truck, struck the plaintiff's car as it was facing Bridge street and when it had nearly reached the line of highway intersection on the westerly side of the avenue.

The motion for the nonsuit assigned only conclusive evidence of the plaintiff's fault to support it. This amounted to a waiver of the issue whether there was any evidence of the defendants' fault. *St. Laurent* v. *Railway*, 77 N. H. 460, 463; *Cozzi* v. *Hooksett*, 84 N. H. 530, 537. But without such waiver the defendants could not maintain their side of this issue. There was evidence that the defendant driver approached Bridge street at a speed of twenty-five miles an hour and was not watching ahead. The plaintiff crossed the avenue slowly with his car in second gear and was in plain view of the defendant driver from the time he commenced to cross. The defendant driver, had he been watching ahead, had plenty of time and room to steer his car to the left so that on reaching the Bridge street intersection it would pass by the rear of the plaintiff's car free from contact.

The plaintiff's fault is not conclusively shown. While he saw the defendants' car approaching, he thought he had time to cross its path and enter into Bridge street ahead of it. A mistake of judgment is not necessarily a careless mistake. *Morris* v. *Railroad, ante*, 265 and cases cited. Union avenue has a roadway forty feet wide, and the plaintiff testified that when he first turned to cross it, the defendants' car was at a point which a plan shows was about 200 feet northerly of the Bridge street intersection. Except for the truck which turned into Bridge street ahead of the plaintiff there was no other traffic to receive attention. A conclusion that the avenue might be safely crossed under the conditions as they appeared was not necessarily one that made it imprudent to undertake the crossing, nor was the undertaking necessarily carried out in a careless manner. The plaintiff

might properly assume that the defendant driver would see that the area of intersection was being traversed ahead of him and would act in view of the fact.

The nonsuit being set aside, the plaintiff appears entitled to judgment under the agreement therefor.

*Judgment for the plaintiff.*

PEASLEE, C. J., was absent: the others concurred.