Strafford,
April 4, 1939. } No. 3059.

JOHN W. JACKSON *v.* ALBERT M. SMART.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for the plaintiff.

*Arthur E. Sewall* and *Thomas L. Cleaton* (*Mr. Sewall* orally), for the defendant.

WOODBURY, J. At the first transfer cited above we held that the evidence was sufficient to warrant a finding of the defendant's causal negligence, but judgment for him was ordered for the reason

that the plaintiff's contributory negligence was conclusively shown. At the second transfer, also cited above, we were called upon to consider the defendant's exception to the granting of the plaintiff's motion for a new trial on the ground of after discovered evidence. In passing upon that motion the nature of the newly discovered evidence was fully described and discussed and we held that it was sufficient to support the discretion of the court below in granting the motion. At the trial which followed that transfer and preceded this one the evidence was substantially similar to that already considered by this court at the two previous transfers and it will serve no useful purpose to recapitulate it here. Under familiar principles the sufficiency of this evidence to sustain the verdict returned for the plaintiff is not before us for reconsideration. *Smith* v. *Railroad*, 88 N. H. 430, 432.

Counsel for the defendant, however, contends that at this last trial, in addition to the evidence considered at the two prior transfers, certain facts appeared which compel a finding of the plaintiff's contributory negligence as a matter of law. In the first place he contends that the testimony of Quinn, referred to in the opinion at the second transfer, is not entitled to belief because there is no evidence from anyone except himself that he was present and saw the accident. Obviously, the fact that no one saw Quinn there is evidence from which an inference of his absence might be drawn, but such an inference is not required as a matter of law. It was for the jury to say whether he was there as he said he was, and, if he was there, whether or not he saw the events which he described in his testimony.

In the second place it is pointed out that the plaintiff at this last trial testified categorically that he was struck on his left side. From this it is argued that he must have stepped out in front of the defendant's car from the defendant's right immediately before the impact, in which event no opportunity was afforded the defendant to see the plaintiff in time to avoid striking him. This version of the accident is opposed to all the oral testimony in the case, with the possible exception of some ambiguous remarks from one of the defendant's witnesses, and its acceptance is not compelled. The injuries to the plaintiff's left side might have been received when he was thrown to the ground, or it might be that the plaintiff, without retaining any memory of his action, suddenly turned about to retrace his steps when he first became aware of his imminent danger in the instant preceding the impact. It was for the jury to say upon all the evidence how the accident occurred.

In the third place the defendant, pointing to the evidence that the plaintiff had a clear view to the west on State Street for the distance of approximately half a mile, and pointing to the admitted fact that the headlights of his car were on, argues that the plaintiff's failure to see the automobile and avoid contact with it must have been due either to his negligent failure to look up the street to his right at all, or else, if he looked as he said he did, to his equally negligent failure to see an object which must have been clearly in his view. *Niemi* v. *Railroad*, 87 N. H. 1; *Allison* v. *Railroad*, 88 N. H. 420.

This argument is answered by the fact that the crossing was protected by traffic lights. In the absence of knowledge of another's negligence one is not bound to anticipate and guard against its consequences (*Piateck* v. *Swindell*, 84 N. H. 402; *Miller* v. *Daniels*, 86 N. H. 193), and the jury might have accepted the plaintiff's testimony that he crossed on an amber light which was shown for the purpose of permitting pedestrians to cross, and they might have believed that the defendant drove out around the car ahead of him and entered the intersection at an unreasonable speed and against the command of the lights. Under these circumstances it could be found that the plaintiff was in the exercise of ordinary care in relying upon the traffic lights and in failing to maintain a lookout for automobiles driven as the defendant findably drove his on the night of the accident. *McCarthy* v. *Souther*, 83 N. H. 29.

The defendant objected and excepted to the admission of the plaintiff's testimony that he did not expect any car traveling in an easterly direction on State Street to cut out around a car stopped ahead of it at a traffic light and enter the intersection when that light showed amber. The admissibility of testimony of this sort was fully explained in the recent case of *Smith* v. *Railroad*, 87 N. H. 246, 257, 258.

The defendant's exception to the denial of his motion to submit special issues to the jury presents no question of law. "Whether justice or convenience required the submission of such special issue was a question for the trial justice. It does not appear that there was any abuse of discretion." *Bridges* v. *Company*, 85 N. H. 220, 231, and cases cited; *Putnam* v. *Bowman*, 89 N. H. 200, 206.

*Judgment on the verdict.*

All concurred.