Hillsborough, } No. 3405.
June 1, 1943. }

LILLIAN MACKELVIE *v.* EARL A. RICE.

*Thomas J. Leonard,* for the plaintiff.

*Ivory C. Eaton*, for the defendant.

BURQUE, J. The defendant's negligence is apparently conceded. The ground stated for the motions for nonsuit and directed verdict is that of plaintiff's contributory negligence, and no other ground is urged in the brief and oral argument. Further defendant relies exclusively on plaintiff's own testimony to establish the claim of contributory negligence.

A review of her testimony discloses the following — she alighted from the bus at a point opposite Elliott Street. Elliott Street dead ends at Concord Street. She took a few steps toward the rear of the bus, while the latter was starting, then she stepped into Concord Street, looked to her left (southerly), to see if any cars were coming. None were in sight, so she proceeded further into the middle of the street, looked to her right (northerly), saw one car coming, which she allowed to pass her, then looked again northerly and saw another car approaching towards her. She places this car at different distances, first at the top of the hill, some 720 feet away as per plan, though she afterwards says this car is the one that passed her; then above Moriarty's house, the north side of which is 305 feet from the point of collision, "way up above there;" then "about at Moriarty's house;" again "about on the top of the hill;" and "way up at the top of the hill." She thought she had time enough to get by, she then being in the westerly half of the street, took a few steps, four or five, got almost across the street, heard noise, and was struck. She says she got near the culvert, which is on the westerly side of Concord Street.

Her narration of the events shows confusion and mistake of judgment. It is a physical impossibility for the accident to have happened if we accept her version that the car was "way up at the top of the hill" when she saw it. The traveled part of Concord Street is thirty-five feet wide. If she was over the center of the street she then had not over seventeen feet to travel before she reached Elliott Street. She took but four or five steps after seeing the car before she was struck, and she was struck by the left front fender of the car. The car is in the westerly half of Concord Street. It follows that the car could not have been 720 feet away when she saw it. It would have been a physical impossibility for it to travel that distance while plaintiff took four or five steps and was still in the westerly half of the street. She could not have been nearly across the street and be struck by the left front fender. Nor could she have proceeded beyond the easterly half of the street

when she saw the car coming, no matter what distance we place it, whether 720 feet or 305 feet away. The evidence is that the car was traveling twenty-five miles per hour. There is no evidence to contradict this, not even the length of the brake marks made in the street when defendant undertook to stop. The inevitable conclusion is that she was confused. It was night time and she had to judge the distance and speed of the car from the appearance of the headlights of the car, which were on high beam. Her confusion is reflected in her testimony as appears above. She is further mistaken as to the time of the accident; she says it happened after 10:00 P.M. while the attorneys agreed it was sometime shortly after 9:15 P.M., the leaving time of the bus at the transfer station in the city. Even after this admission she still testified the accident happened after 10:00 P.M. The passenger in the defendant's car is also mistaken as to the time of the accident for he states he and the defendant left Manchester to return to Nashua a little after 9:30 P.M. It must have been after 8:30 P.M.

Three cases relied upon by the defendant, *Niemi* v. *Railroad*, 87 N. H. 1; *Brown* v. *Mailhot*, 89 N. H. 240; *Lafountaine* v. *Moore*, 90 N. H. 258, are cases where plaintiffs claimed they looked but did not see. *Murphy* v. *Granz*, 91 N. H. 244, is a case where plaintiff should have looked, but did not. The instant case is one where plaintiff looked and saw, but failed to appraise the situation properly, and comes within the classification of *Lee* v. *Hustis*, 79 N. H. 434; *Carr* v. *Orrill*, 86 N. H. 226; *Kardasinski* v. *Koford*, 88 N. H. 444. See also *McCarthy* v. *Souther*, 83 N. H. 29; *Chemikles* v. *Company*, 84 N. H. 437; *Nicholaides* v. *Wallace*, 86 N. H. 465; *Carlin* v. *Drake*, 89 N. H. 52. The above cases are all authority for the proposition that in a state of facts such as we have in the instant case, it cannot be said as a matter of law that the plaintiff was negligent. The question is for the jury. There can be no doubt that plaintiff erred in her appraisal of the distance and speed of the car when and where she saw it. Hers was a mistake of judgment, and "a mistake of judgment is not necessarily a careless mistake." *Mudgett* v. *McDonald*, 85 N. H. 508, 509; *Morris* v. *Railroad*, 85 N. H. 265, 269; *Bridges* v. *Company*, 85 N. H. 220, 227, and cases cited. The motions for nonsuit and directed verdict were properly denied.

*Judgment on the verdict.*

All concurred.