Strafford,
Oct. 3, 1951. } No. 4029.    .

George Paradis *v.* Barnard Greenberg.

174

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Burt R. Cooper* orally), for Paradis.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for Greenberg.

BLANDIN, J. The defendant Greenberg's motions for a nonsuit and directed verdict, on the grounds that there was no evidence of his negligence while that of Paradis was conclusively shown were rightly denied. It was findable that Paradis slowed down, shifted into second and began to ease gradually over the middle line of the road far enough away from the point of impact so that Greenberg should have seen him do so in time to have avoided the accident. The jury were not compelled to accept Greenberg's story as to Paradis' sudden turn. They could find on Greenberg's own testimony that he saw the truck eight or nine hundred feet away and continually thereafter up to the moment of impact so that Paradis' actions gave ample warning of his intent to cross the intersection and enter Route 16B. They could also believe that Greenberg in failing to keep a proper lookout and to slow down

created the emergency which he claims existed and hence deny him the benefit of the emergency doctrine. *Pickard* v. *Morris,* 91 N. H. 65, 69. Considering all the circumstances including the fact that Paradis was almost across the intersection and was entering Route 16B when he was hit we believe the issue of Greenberg's negligence was properly submitted.

It also appears that Paradis' contributory negligence was for the jury. The record shows that due to his unfamiliarity with English he spoke confusedly and contradicted himself at times. The jury saw and heard him and viewed the place where the accident happened. It was for them to resolve the inconsistencies in his testimony, to decide where he was when he began to turn across the center line, and how far away the Greenberg car was when Paradis first saw it. He is not held to exactness in his estimates of time or distance. *O'Brien* v. *Company,* 95 N. H. 79, and cases cited. The jury could believe that while the top of the truck was visible to Greenberg for a greater distance, Paradis, with obstructions to his view including snow banks, was not necessarily negligent in failing to see the car until it was some two hundred to three hundred feet away. Furthermore even though they did find he could have seen it further away than he claimed they were not forced to find him negligent. *Baker* v. *Salvation Army,* 91 N. H. 1, 3. Though he erred in judging that he had time to cross safely this error is not necessarily fatal. *Roy* v. *Levy,* 97 N. H. 36; *MacKelvie* v. *Rice,* 92 N. H. 465. He had a right to rely on Greenberg's care (*O'Brien* v. *Company, supra*) and a finding that he acted negligently in believing he could traverse the intersection safely is not compelled. *Roy* v. *Levy, supra; Baker* v. *Salvation Army, supra;* anno. 175 A. L. R. 1013, 1041.

Turning to Greenberg's exceptions to the refusal to grant certain of his requests, we believe for reasons already stated that the issues as to his speed and failure to keep a proper lookout were rightly before the jury. His exceptions thereto are overruled.

The Court refused to charge specifically in accordance with Greenberg's requests as to Paradis' negligence in failing to keep an adequate lookout and in driving too fast. The test to determine the worth of these exceptions is to inquire whether it is reasonably certain the jury understood from the charge that they were to consider these issues in deciding whether Paradis was at fault. See *Hardiman* v. *Walsh Brothers,* 96 N. H. 456, 461; *West* v. *Railroad,* 81 N. H. 522, 523. "The extent to which rules of law shall be given

specific application to the claims of the parties and the facts described by the evidence in a given case must be left to the sound discretion of the trial court, provided the jury is fully and correctly instructed." *Colby* v. *Lee*, 83 N. H. 303, 310.

Here the Court charged generally as to the duties of both parties to use ordinary care not to endanger each other. The jury were instructed to consider all the surrounding circumstances, what each man saw, what he did and what he knew in deciding whether he had used such care. It seems on the record before us, where the parties stressed certain simple issues such as lookout and speed and were free to argue them, the Court could reasonably conclude that his charge would enable the jury to correctly apply the law to these issues.

The exception to the argument of Paradis' counsel before the jury is without merit (*Moffatt* v. *Gale*, 92 N. H. 421), and the order is

*Judgment on the verdicts.*

All concurred.