530

Mary STUUK

v.

UNITED STATES of America.

Obed William BUCK

v.

UNITED STATES of America.

Civ. A. Nos. 1327, 1330.

United States District Court,
D. New Hampshire.

Aug. 5, 1954.

Robert J. Doyle, Nashua, N. H., for Mary Stuuk.

Alphonse J. Raudonis, Nashua, N. H., and Bartram C. Branch, Paul E. Nourie, Manchester, N. H., for Obed William Buck.

Maurice P. Bois, U. S. Atty., Manchester, N. H., for the United States.

CONNOR, District Judge.

These actions, brought under Title 28 United States Code, Chapter 171, and jointly tried, arise as a result of an automobile collision early in the evening of November 3, 1953, between a passenger car operated by the plaintiff Buck and an ambulance maintained and operated by the United States Air Force and stationed at Grenier Field Air Base at Manchester, New Hampshire.

The plaintiff Stuuk was one of three passengers in the automobile of Buck, and her suit is brought for injuries sustained as a result of the collision. Buck makes claim for personal injuries and for damage to his automobile. Plaintiffs are residents of Nashua, within said district.

Jurisdiction is founded under Title 28, Section 1346(b).

Both the automobile and the ambulance were being operated on a public highway in the town of Londonderry near the intersection of Old Derry Road, so-called; the automobile of Buck was proceeding in a westerly direction, and the ambulance in an easterly direction. This intersection is not a full one, and Old Derry Road does not intersect at right angles but enters the southerly side of the main highway with wide turns, the wider being at the easterly side of the intersection, with an opening entrance on the highway of approximately seventy-five feet. The road, as it extends southerly, turns sharply to the right. For a distance of several hundred feet on both sides of this intersection, the highway is straight and well paved with a hard surface of about twenty-three feet in width.

For approximately five hundred feet westerly from the point of collision, there is a slight grade. The collision took place about two feet from the southerly side of the main highway, within the intersection of the highway and Old Derry Road, while Buck was turning to his left and entering said road. Double brake marks, concededly made by the ambulance, began one hundred eighteen feet west of the place of collision, and continued beyond this point easterly for sixty-nine feet, turning to the left before ending. The evidence discloses that contact occurred when the right front fender and bumper of the ambulance struck the Buck car behind the slope of the right fender and near the right door, causing the Buck car to be thrown or forced about thirty-four feet off the highway into a depression at the southeast corner of the intersection. Buck received injuries to his head and shoulder and his car was demolished. Mrs. Stuuk was severely injured, sustaining fractures of her right shoulder, five ribs, right knee, ring finger, and thumb, with a gash over her right eye which extended into the lid. The other passengers were thrown from the car to the ground.

It is the contention of the plaintiffs that the sole cause of the collision was the careless and negligent manner in which the ambulance was being operated.

The defendant, in answer to the plaintiffs' contention, denies that it was in

any way responsible for the collision, and says that the plaintiff Buck is solely chargeable. In the Buck action, the defendant alleges that Buck was negligent, and demands judgment by way of counterclaim for damage to the ambulance.

Buck testified that it was his intention to turn into the Road, and, believing he had ample time when he first saw the ambulance coming over the crest, and which he thought was proceeding at normal speed, he turned diagonally to the left to accomplish his purpose, but when part of his car was on the Road, he noted that the ambulance was approaching at a high rate of speed, with noisy application of the brakes; that it bore down upon him in a straight course, which he could not evade, and collided with the right side of his car. The driver of the ambulance contends that when he was slightly more than halfway down the grade between the crest and the intersection, he first observed the Buck automobile some six hundred feet away; that when he was less than two hundred feet away, it suddenly moved into his path of travel and that he was unable to stop or otherwise avoid the collision. He conceded that he was proceeding at a speed of from forty-five to fifty miles an hour, although Buck contends that just prior to the collision the ambulance was going at a higher rate of speed.

Even though the defendant driver's claimed speed was within the statute, R.L. New Hampshire, Chapter 119, Section 30, he thereunder was required to drive at "an appropriate reduced speed" in his approach to this intersection. The extent of the brake marks and the result of the impact plainly indicate that the ambulance, the weight of which was in excess of three tons, was going downgrade at a high rate of speed, likely difficult to stop or control, but a circumstance which was the driver's duty to take into account. This speed was greater than was reasonable and prudent, and the operator was unable to control his vehicle by bringing it to a stop or turning to the left on the highway which was then unencumbered and available for such occupancy.

The plaintiff Buck does not impress me as a person who would knowingly expose himself or his passengers to a clear or threatened hazard. He cannot be held careless if he could not have reasonably anticipated, when he started to veer to the left, that his safety was in jeopardy. Martin v. Hodsdon, 93 N.H. 66, 69, 35 A.2d 402. I find that, in relying upon his observation of the approaching ambulance and its speed, he acted as a reasonable man. Barring notice to the contrary, he had a right to assume that the defendant's driver would observe his duty to exercise ordinary care. Piateck v. Swindell, 84 N.H. 402, 151 A. 262; Jackson v. Smart, 90 N.H. 153, 5 A.2d 713. That he misjudged the speed of the approaching vehicle is obvious, but a finding that such appraisal was a negligent act is not required. When he decided to enter the intersecting way, he placed the ambulance as coming over the crest of the grade, a point about five hundred feet from the intersection. Considering this and other circumstances, including the topography of the intersection, his conclusion that the crossing might be safely undertaken was not perforce imprudent. "A mistake of judgment is not necessarily a careless mistake." Mudgett v. McDonald, 85 N.H. 508, 161 A. 33, 34. See also MacKelvie v. Rice, 92 N.H. 465, 32 A.2d 818; Roy v. Levy, 97 N.H. 36, 79 A.2d 847; Paradis v. Greenberg, 97 N.H. 173, 83 A.2d 606.

I find that the driver of the ambulance was acting within the scope of his employment and in line of duty.

Upon consideration of all the evidence, I find that the driver of the ambulance owned by the defendant failed to have his motor vehicle under proper control, and that this failure was negligence which was the sole cause of the collision.

The plaintiffs are entitled to substantial damages.

I find that the plaintiff Stuuk sustained severe, painful, and, in part,

permanent injuries. She has incurred large hospital and medical bills, having been hospitalized for approximately five months. At the time of the collision, she was gainfully employed, and has since lost her wages. Her future earning ability, taking into account her age, certainly will be impaired, if not precluded. I find her damages to be in the sum of $13,561.45, and judgment for this amount will be entered against the defendant.

The injuries of plaintiff Buck were painful and incapacitating. He was prevented from following his employment for eleven and one-half weeks, with an earnings loss amounting to several hundred dollars. Hospital and medical bills were incurred, and his property loss is in the sum of $830. I find his total damages to be in the sum of $3,718.56, and judgment for this amount will be entered against the defendant.