Rockingham,
No. 5526.

### FRANKLIN E. LOCKE

*v.*

### CRESSY COMPANY, INC. *& a.*

Argued March 9, 1967.
Decided April 28, 1967.

*Flynn, Powell & McGuirk* and *Charles F. Dalton, Jr.* (*Mr. Dalton* orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Richard C. Kohls* (*Mr. Richard C. Kohls* orally), for the defendants.

GRIMES, J. The plaintiff had parked his vehicle at about right angles to the highway in the parking lot in front of the Durkee Farm Market located on the easterly side of Route #1 in Seabrook. The rear of the vehicle was between 23 and 25 feet from the edge of the easterly shoulder and between 27 and 29 feet from the easterly edge of the traveled portion of the road. After completing his business in the market, he returned to his vehicle and backed it toward the northwest with the intention of heading southerly on Route #1. He testified that he had an unobstructed view of Route #1 for six hundred feet or more in each direction and that he looked toward the south before backing, saw nothing coming, and looked behind him as he backed his vehicle without again looking toward the south before the collision. The tractor-trailer unit owned by defendant Cressy Company and being operated by its employee Hight was proceeding northerly on Route #1. Hight testified he saw the plaintiff's vehicle parked by the market when he was some seven or eight hundred feet away, that he continued to be aware of its existence but did not see it move before he looked to his left long enough to look at a sign opposite the market, that he felt a "jolt", looked into his right-hand mirror and saw a vehicle in the road behind him. It is undisputed that the right rear of the trailer came in contact with the right rear of the plaintiff's car. There is a dispute as to whether the plaintiff's vehicle had reached the traveled portion of the highway at the time of collision or whether the tractor-trailer unit was partly on the shoulder at the time of impact.

Plaintiff's main contention is that the Trial Judge misstated the law and misled the jury when he instructed them as follows:

" I know of no statute — in fact, I am going to charge there is no statute, any legislative ruling, or law, rather, which prohibits a motor vehicle from driving on a shoulder of a laid-out highway. Whether or not and to what extent the truck was on the shoulder so-called of the road is something for you to consider. One, was it; and number two, if it was, what were the circumstances because some circumstances you find would make it quite proper, and I suppose under other circumstances, depending on what they were, the accumulation of them, could be considered improper and negligent; but that is for you gentlemen in your deliberations. "

Plaintiff contends that the first sentence of this instruction is a misstatement of the statutory law of this state since RSA 262-A:17 requires a driver of a vehicle " overtaking another vehicle proceeding in the same direction " to pass to the left at a safe distance and to not again drive to the right side of the roadway until clear of the overtaken vehicle. Even if this statute could be found applicable to a situation such as is here involved ( see *Saslow* v. *Rexford*, ( Alaska ) 395 P.2d 36, 43 ) it has no application to this case since it did not become effective until September 1, 1963, eleven months after the accident.

Plaintiff further contends that the first sentence of that part of the charge quoted above misled the jury into believing that there was no law which would make it improper to drive upon the shoulder of the highway. However, considering the charge as a whole, which dealt with both statutory violations and common law negligence and due care, we think it is reasonably certain that the jury understood that while there was no statutory law or provision which prohibited a person from operating on the shoulder of the highway, it might be negligent to do so and that they were to decide whether Hight was on the shoulder and if he was, whether he was negligent in being there. *Paradis* v. *Greenberg*, 97 N. H. 173, 175; *Bourget* v. *Company*, 98 N. H. 237, 243, 244; *MAC Finance Co.* v. *Stone*, 106 N. H. 517, 518.

*Judgment on the verdict.*

All concurred.