Hillsborough,
No. 5901.

RAYMOND J. ROY

*v.*

FRANCIS P. CONNOR.

Argued June 3, 1969.
Decided September 30, 1969.

*Velishka & Kozlowski* and *Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Shane Devine* orally), for the plaintiff.

*Hamblett, Kerrigan & Hamblett* (*Mr. Joseph M. Kerrigan* orally), for the defendant.

GRIMES, J. This is an action to recover for malicious prosecution. A trial by jury resulted in a $3,000 verdict for the plaintiff. Defendant's motion to set aside the verdict and for judgment notwithstanding the verdict was denied and defendant's exceptions were transferred by *Morris,* J.

Defendant contends that the evidence does not support a finding of probable cause or malice, that the jury was misled on the issue of probable cause, and that the verdict is excessive.

Plaintiff, a carpenter, had been hired in the spring of 1964 by the defendant to repair a breezeway at defendant's home. The defendant claims he became dissatisfied with the work and told plaintiff not to finish the job. Defendant, himself a plastering contractor, completed the work. A dispute arose over the plaintiff's charge and plaintiff brought suit on May 22, 1964 and subsequently recovered a verdict for $352.58 on a claim of $573.38.

The plaintiff on or about May 28, 1964, returned to the defendant's home to pick up some of his tools, and the defendant contends that he took a trowel and a level which belonged to defendant or his corporation. The defendant called a social club where plaintiff was and left a message that he should return the tools within an hour. Plaintiff denied receiving the message, although the messenger testified he delivered it. When the tools were not returned, Connor complained to the police who arrested plaintiff and charged him with larceny. The case was heard in the Nashua district court. The Judge reserved decision but according to Connor's testimony told him to take the tools home with him. At a later date, the Judge discharged Roy. The present action then followed. Defendant contends that the termination of the criminal case in plaintiff's favor misled the jury into a finding of lack of probable cause and malice. He argues that the fact that the Court permitted him to take the tools at the close of the evidence indicates that the Judge had found that he or his corporation owned them and that the discharge of the plaintiff at a later date was based on some other considerations or on some technicality. His testimony on this point was not corroborated, however, and the jury was at liberty to disbelieve him.

The question whether the jury was misled was a question for the Trial Court to decide. By denial of defendant's motion to set aside the verdict, the Court has found that the jury was not misled, and we cannot say on the evidence before us that a different finding was compelled. *Wisutskie* v. *Malouin*, 88 N. H. 242; *Eichel* v. *Payeur*, 107 N. H. 194, 196; *Perreault* v. *Lyons*, 99 N. H. 169; *MAC Finance Co.* v. *Stone*, 106 N. H. 517, 522. The evidence was sufficient to support findings of lack of probable cause and malice. The defendant's wife was at home when plaintiff took the tools from the porch. Roy testified that she told him where his tools were. Even if the tools were in fact owned by the defendant or his corporation, the jury could have found on the evidence that defendant did not in fact believe that there had been anything but an honest mistake on the part of the plaintiff as to the ownership of the tools. In these circumstances, there would be no probable cause. *MacRae* v. *Brant*, 108 N. H. 177, 180. There was evidence of ill feeling on the part of the defendant, and this, together with the means and manner he used to notify the plaintiff to return the tools and his haste to make a complaint, could lead to a finding of malice.

The jury was entitled to consider the anxiety, and injury to feelings and reputation resulting from the criminal prosecution.

The consideration of the defendant's motion to set aside the verdict as excessive involved questions of fact for the Trial Court. We find nothing in the record before us which would warrant a reversal of the action in denying the motion. *Hanlon* v. *Pomeroy*, 102 N. H. 407, 409.

*Judgment on the verdict.*

GRIFFITH, J., did not sit; the others concurred.