Belknap,
No. 5977.

ANABEL E. VALLIERE AND ELAINE GRAY

*v.*

WOITTO A. FILFALT.

June 30, 1970.

*Normandin, Cheney & O'Neil* and *David O. Huot* ( *Mr. Huot* orally ), for the plaintiffs.

*Nighswander, Lord & Martin* and *David J. KillKelley* ( *Mr. KillKelley* orally ), for the defendant.

GRIMES, J.  These are actions to recover damages for personal

injuries arising out of an automobile accident which occurred on January 21, 1967 at Enfield, New Hampshire. There was a trial by jury, at which liability was admitted, resulting in a verdict for the plaintiff Valliere in the amount of $30,500 and one for the plaintiff Gray in the amount of $7,500. Defendant's exceptions were transferred by *Dunfey*, J.

The plaintiff Valliere was within a month of being 70 years old at the time of the accident. She was employed as a stitcher in a factory where she had worked for over forty years. She testified that she planned to continue to work until she was over 72, perhaps to 75, because her "benefits would have been so much better after that . . . because of the taxes. I wouldn't have to pay the taxes . . . . After 72, we're allowed to earn as much as we can."

Defendant offered to prove that at 70 she became eligible for a retirement benefit from the company of $114 per month for the rest of her life in addition to Social Security amounting to $129 per month.

Defendant urges that the evidence offered should be admitted to impeach the testimony of the plaintiff that her benefits would be better if she continued to work until she was 72 and as bearing on her intention with respect to continued employment. However, it is clear to us that the plaintiff's testimony taken as a whole is not that any retirement benefits from her employer would be better but that under Social Security no limitations would be placed on the amount of her earnings after age 72. The evidence offered has no tendency to rebut that testimony and was properly excluded.

Defendant further contends that the issue of aggravation of a pre-existing condition in Mrs. Valliere's wrist was not presented fairly in the court's charge because he says the court did not specifically mention the defendant's contention. The court made it clear that there was no dispute but that a pre-existing condition did exist. The jury was told that plaintiff could recover to the extent that the accident aggravated the pre-existing condition and that she was entitled to be compensated for the "greater injury which she suffered by virtue of that previous condition, if . . . and only if you find that the greater injury resulted from the aggravation suffered in the accident." He previously had told the jury that the plaintiffs had the burden of proof on all issues, but following the above quoted instruction, he specifically stated

that with regard to the issue of aggravation as well as in all others, the plaintiff had the burden of proof.

We believe it is reasonably certain that from the charge as a whole the jury understood that plaintiff could not recover for a pre-existing condition but only for an aggravation thereof, and that the question whether and to what extent the plaintiff's pre-existing condition was aggravated by the accident was a contested issue on which the plaintiff had the burden of proof, and we find no reversible error. *Paradis* v. *Greenberg,* 97 N.H. 173, 175, 83 A.2d 606, 607; *Locke* v. *Cressy Company,* 108 N.H. 116, 118, 229 A.2d 181, 182.

Defendant excepted to the failure of the court to instruct the jury in accordance with his request #5 as follows: "If you find that the plaintiff is entitled to recovery for past or future lost wages, then in determining the amount thereof, you must consider her reasonable work expectancy, her willingness to work, and the fact that she will receive payment now rather than in the future." The court did instruct the jury as follows: " . . . you must decide as to what extent and for what duration has or will this injury affect her ability to earn, that is, loss of capacity to earn, as the direct, natural and probable result of the accident itself."

The charge did not specifically mention "work expectancy" or "willingness to work," but we cannot say that it was inadequate for that reason. Although the charge did not instruct the jury to consider that the plaintiff would receive payment now rather than in the future, defendant will suffer no prejudice because the amount recoverable by the plaintiff Valliere must be limited to her original ad damnum for reasons hereinafter indicated.

The question whether the verdicts should be set aside as excessive presented issues of fact for the trial court. The verdicts were large, but we cannot say in view of the element of future pain and suffering that a reversal of the trial court's action denying the defendant's motions would be warranted. *Hanlon* v. *Pomeroy,* 102 N.H. 407, 409, 157 A.2d 646, 649; *Roy* v. *Connor,* 109 N.H. 529, 257 A.2d 21.

We agree, however, with the defendant's contention that the plaintiff Valliere's motion made after verdict to increase the ad damnum of her writ from $25,000 to $40,000 should have been denied. Our practice relating to the allowance of such motions,

even after a verdict, is a liberal one ( *Haney* v. *Burgin,* 106 N.H. 213, 208 A.2d 448 ) but it is not without some restrictions. *Hardy* v. *Nye,* 63 N.H. 612, 3 A. 631. *See* RSA 514:9. In this case, the insurance coverage was limited to $25,000, the amount of the original ad damnum. There was therefore no reason for the company to notify the defendant of any possible claim in excess of that amount so that he could be represented by his own attorney or for the defendant to consider that such representation was needed. The company's admission of liability without prior consultation with or approval of the defendant was made when the claim did not exceed the coverage. Individual counsel for defendant might have objected to an admission of liability and could also have acted to protect the rights of the defendant with respect of offers to settle well within the limits of the policy which admittedly were made. Since the rights of the defendant may have been prejudiced by the increase in ad damnum after verdict, the motions should have been denied. *Cf. Derby* v. *Company,* 100 N.H. 53, 119 A.2d 335.

*Exceptions sustained in part and overruled in part.*

All concurred.