**Roger A. FORSBERG, Administrator for the Estate of Doris M. Forsberg; and Roger A. Forsberg, Individually**

v.

**VOLKSWAGEN OF AMERICA, INC.**

**Civil No. 89–067–S.**

United States District Court,
D. New Hampshire.

Dec. 4, 1990.

Charles P. Bauer, Concord, N.H., for plaintiffs.

Howard B. Myers, Concord, N.H., for defendant.

## ORDER

STAHL, District Judge.

In this civil action, plaintiffs claim that an allegedly defective brake system manufactured by defendant caused decedent Doris M. Forsberg's fatal car accident. Plaintiffs assert claims for negligence, strict liability, breach of warranty and loss of consortium. Defendant asserts, as one of its affirmative defenses, that Mrs. Forsberg was not wearing a seat belt at the time of the accident. Before the Court is plaintiffs' motion to exclude seat belt evidence.

Defendant has presented two theories in support of its claim that such evidence is relevant to its defense. Defendant seeks to show that the decedent's failure to wear a seat belt contributed to her injury, thus diminishing defendant's liability, and that the failure to wear a seat belt was a failure to mitigate her damages. The Court addresses each theory in turn.

### 1. Comparative Negligence

Under New Hampshire law, the comparative negligence of a plaintiff bars recovery in common-law tort actions only if it is greater than that of the defendant. Otherwise, the damage award is diminished in proportion to the percentage of negligence attributed to the plaintiff. RSA 507:7-d (supp. 1989).

Neither the Legislature nor the Supreme Court of New Hampshire has addressed squarely the question of whether evidence that an adult plaintiff failed to wear a seat belt during a car accident is admissible on the issue of comparative negligence. This Court, sitting in diversity, must therefore approximate the law of New Hampshire as closely as possible, see Meredith v. Winter Haven, 320 U.S. 228, 237-38, 64 S.Ct. 7, 12-13, 88 L.Ed. 9 (1943); Gee v. Tenneco, Inc., 615 F.2d 857, 861 (9th Cir.1980), without creating modifications not yet adopted by that jurisdiction, see Ryan v. Royal Insurance Co. of America, 916 F.2d 731, 744 (1st Cir.1990). In so doing, the Court may look to related pronouncements by both the Supreme Court

and Legislature of New Hampshire, and the general trend of authority in other jurisdictions. *See Tenneco, supra; Meredith, supra; Jacobs v. Dista Products Co.,* 693 F.Supp. 1029, 1031 (D.Wyo.1988).

The vast majority of high state courts and state legislatures that have considered the issue have concluded that evidence of the nonuse of seat belts is not admissible for the purpose of proving plaintiffs' negligence. *Compare Ratterree v. Bartlett,* 238 Kan. 11, 707 P.2d 1063 (1985); *Waterson v. General Motors Corp.,* 111 N.J. 238, 544 A.2d 357 (1988); Conn.Gen.Stat.Ann. § 14–100a (West 1990); Ga.Code § 40–8–76.1 (1989); Idaho Code § 49–673 (1990); Ill.Ann Stat. ch. 95½, par. 12–603.1 (Smith-Hurd 1990); In.Code Ann. § 9–8–14–5 (Burns 1989); Iowa Code Ann. § 321.455 (West 1990); La.Rev.Stat.Ann. § 32:295.1 (West 1990); Me.Rev.Stat.Ann. tit. 29, § 1368–A (West 1989); Md.Transportation Code Ann. § 22–412.3 (1988); Mo.Ann.Stat. § 307.178 (Vernon 1990); Neb.Rev.Stat. § 39–6, 103.08 (1989); Nev.Rev.Stat. § 484.641 (1986); N.Y.Vehicle and Traffic Law § 1229–c (McKinney 1986); Okla.Stat. Ann. tit. 47, § 12–420 (West 1990); Wyo. Stat. § 31–5–1402 (1990); Or.Rev.Stat. § 18.590 (1989); N.C.Gen.Stat. § 20–135.2A (1990); Tex.Rev.Civ.Stat.Ann. art. 6701d (Vernon 1990); Utah Code § 41–6–186 (1953); Va.Code § 46.2–1094 (1990); Wash. Rev.Code Ann. § 46.61.688 (1990); *with Law v. Superior Court Arizona,* 157 Ariz. 147, 755 P.2d 1135 (1988); *Insurance Co. of North America v. Pasakarnis,* 451 So.2d 447 (Fla.1984); Cal.Vehicle Code § 27315 (West 1990); Mich.Comp.Laws Ann. § 257.710e (West 1990) (but damages reducible by no more than five percent); Ohio Rev.Code Ann. § 4513.263 (Anderson 1989) (but seat belt evidence admissible only in products liability actions); Wis.Stat. Ann. § 347.48 (West 1989) (but damages reducible by no more than fifteen percent).

Courts in the majority have reasoned that where a plaintiff's failure to wear a seat belt merely adds to injuries caused by a car accident, without contributing to the happening of the accident, the nonuse of the seat belt is not negligence. *See generally,* Annotation, *Nonuse of Seatbelts as*

*Evidence of Comparative Negligence,* 95 A.L.R.3d 239 (1979). One such court held that, absent a statute mandating seat belt use, a plaintiff is under no duty to wear a seat belt in anticipation of a defendant's tortious conduct. *Amend v. Bell,* 89 Wash.2d 124, 570 P.2d 138 (1977). Current New Hampshire law appears to follow this view.

■ To prove a plaintiff's comparative negligence in New Hampshire, a defendant must show that the plaintiff breached a duty to act with reasonable care to avoid an apparent danger. *See Bellacome v. Bailey,* 121 N.H. 23, 26, 426 A.2d 451 (1981). This rule is illustrated in *Piateck v. Swindell,* 84 N.H. 402, 151 A. 262 (1930), where the Supreme Court of New Hampshire considered the possible contributory negligence of a truck passenger injured in a traffic accident. At the time of the accident, the passenger "was sitting on the floor of the cab of the truck with his right leg hanging out of the cab and his right foot resting on the right hand running board." *Id.* at 402–03, 151 A. 262. The Court held that the passenger was not contributorily negligent, reasoning that his position in the truck did not contribute to the accident unless it interfered with his ability to foresee the accident.

If it may be said that the plaintiff was careless to sit in such a position as he did, it was because of dangers likely to be encountered. And if in his position he took proper precautions and kept reasonable watch against such dangers, he is not to be held careless because he did not look out for dangers he had no occasion to anticipate. There is no carelessness in encountering dangers not reasonably to be sensed and not in fact known. The plaintiff's careless position would no more be a cause, in a legal sense, of injury resulting from such dangers than if the driver of the truck were known to him to be incompetent. If his position was careless, it was not so in his relationship with the defendant from whom no menace was indicated.

*Id.* at 403, 151 A. 262. *Piateck* suggests that the New Hampshire Supreme Court would rule that a plaintiff is under no duty to wear a seat belt to anticipate the unforeseeable tortious conduct of another. *Piateck* also suggests that evidence of this plaintiff's failure to wear a seat belt is inadmissable to prove comparative fault.

More recently, the Legislature of New Hampshire enacted RSA 265:107–a, which requires children under age twelve to wear seat belts, while prohibiting defendants from proving comparative negligence through evidence that a child was not wearing a seat belt. This statute suggests that the Legislature of New Hampshire generally disfavors the admission of seat belt evidence to prove comparative negligence.[1] In addition, plaintiffs assert that the Legislature consistently has rejected bills mandating adult seat belt use, *see* S.B. 231 (1979); H.B. 25 (1986); H.B. 707 (1989), thus further evidencing its reluctance to impose such a duty on adult plaintiffs.

■ There is no indication that New Hampshire law permits the admission of seat belt evidence to prove comparative negligence. To the contrary, both New Hampshire statutory and common law suggest that such evidence is not admissible for this purpose, and this view is consistent with the clear trend in other jurisdictions. Therefore, this Court concludes that New Hampshire would follow the majority view.

■ Defendant contends that *Thibault v. Sears Roebuck and Co.*, 118 N.H. 802, 395 A.2d 843 (1978) permits him to introduce such evidence to prove "plaintiff's misconduct" in defense of plaintiff's strict liability claim. The Court disagrees.

In *Thibault*, the Supreme Court of New Hampshire applied the concept of comparative negligence to product liability actions. "For ease in reference, the court adopted the new term 'plaintiff's misconduct' rather than carrying over the phrase 'comparative negligence.' The court made plain, however, that the switch in terminology was semantic, not substantive." *Kathios v. General Motors Corp.*, 862 F.2d 944, 947 (1st Cir.1988) (citing *Thibault*). Thus, while "plaintiff's misconduct" encompasses "[p]roduct misuse, abnormal use, and a plaintiff's decision to encounter a known risk," *Fortier v. Olin Corp.*, 840 F.2d 98, 101 (1st Cir.1988), it apparently imposes no greater duty of care on plaintiff car passengers than does the doctrine of comparative negligence. It would be inconsistent, therefore, for this Court to impose a duty on plaintiffs to wear seat belts under products liability law while refusing to do so under negligence law.[2]

### 2. Mitigation

■ Although New Hampshire has not addressed the mitigation issue, the traditional mitigation rule in New Hampshire would appear to prohibit the admission of seat belt evidence to diminish a plaintiff's damage award.

Under New Hampshire law, a plaintiff in a tort action has a duty to act reasonably to mitigate damages. *See Chamberlain v. Palmer Lumber Co.*, 104 N.H. 221, 224, 183 A.2d 906, 908 (1962). The Supreme Court of New Hampshire has applied this duty only to a plaintiff's acts performed subsequent to the event giving rise to her tort claim. *See, e.g., id.; Perreault v. Allen Oil Co.*, 87 N.H. 306, 179 A. 365 (1935);

---

1. As originally enacted, RSA 265:107–a required that children under age five wear seat belts, while prohibiting defendants from proving comparative negligence through evidence that such a child was not wearing a seat belt. The statute was amended in 1989 to apply to children under age 12. *See* RSA 265:107–a (Supp.1989). Thus, where the Legislature has imposed on the citizens of New Hampshire a criminal penalty for nonuse of seat belts, it has consistently and explicitly prohibited a civil penalty based on comparative negligence.

2. Defendant further contends that, because *Thibault* relied heavily on *Daly v. General Motors Corp.*, 20 Cal.3d 725, 144 Cal.Rptr. 380, 575 P.2d 1162 (1978), in which a defendant was allowed to prove product misuse through evidence that the plaintiff failed to wear a seat belt during a car accident, the *Thibault* court implicitly adopted the *Daly* approach to seat belt evidence. The Court disagrees. Although *Thibault* did rely on *Daly* in reaching its general conclusions, nowhere did *Thibault* suggest adopting the *Daly* seat belt evidence rule. Defendant's broad reading of *Thibault* is therefore unwarranted.

*Seeton v. Town of Dunbarton,* 73 N.H. 134, 59 A. 944 (1905). Thus understood, this duty cannot apply to a passenger's decision to refrain from wearing a seat belt, a decision made prior to such an event.

Other jurisdictions considering this issue are evenly divided. *See, e.g.,* Iowa Code Ann. § 321.455 (West 1990) (evidence admissible); Mo.Ann.Stat. § 307.178 (Vernon 1990) (evidence admissible); Conn.Gen.Stat. Ann. § 14–100a (West 1990) (evidence not admissible); Ill.Ann.Stat. ch. 95½, para. 12–603.1 (Smith–Hurd 1990) (evidence not admissible). Those jurisdictions that have permitted the introduction of seat belt testimony for mitigation purposes have extended the traditional view of mitigation, and reduced the plaintiff's recovery by an amount attributed to plaintiff's failure to mitigate damages prior to the occurrence of an accident. *See* Annotation, *Nonuse of Seatbelts as Failure to Mitigate Damages,* 80 A.L.R.3d 1033, 1038 (1977). New Hampshire apparently maintains the traditional mitigation doctrine, and this Court will not expand that doctrine absent an indication that New Hampshire intends to do so.[3] *Cf. Ryan v. Royal Insurance Co. of America,* 916 F.2d 731, 744 (1st Cir.1990).

For the reasons stated above, the Court grants the plaintiffs' motion in limine (document no. 27).

SO ORDERED.

---

**3.** As defendant points out, this district court has previously allowed evidence of a plaintiff's failure to wear a seat belt as support for a defendant's contention that damages should not be enhanced. *See Cullity v. Volkswagen of Amer-* *ica, Inc.,* No. 80–594–D (D.N.H. June 30, 1983). To the extent that *Cullity* can be read to allow such evidence for mitigation purposes, this Court respectfully disagrees.