**Rand SCHUSTER and Clare Schuster, Plaintiffs–Appellants,**

v.

**The BRIMSTONE HILL CORPORATION, Chalet Susse International, Inc. and Susse Chalet Motor Lodge, Defendants–Appellees.**

No. 02–9183.

United States Court of Appeals, Second Circuit.

May 23, 2003.

Corey J. Hogan (Diane R. Tiveron, William B. Licata, on the brief), Hogan & Willig, PLLC, Amherst, N.Y., for Appellants.

Sheri L. Mooney, Damon & Morey LLP, Buffalo, N.Y., for Appellees.

PRESENT: MCLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of May, two thousand three.

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.

Plaintiffs-appellants Rand and Clare Schuster appeal the jury verdict and subsequent denial of their motion for a new trial. Appellant Rand Schuster brought suit against appellees alleging that he sustained significant injuries when he slipped and fell on an icy patch in a parking lot owned by the appellees-defendants, The Brimstone Hill Corporation, Chalet Susse International, and Susse Chalet Motor Lodge. Appellant Clare Schuster brought a loss of consortium claim against appellees. The jury found that appellees were liable for 50% of Rand Schuster's injuries but awarded zero damages on his claim; it found the appellees were not liable on the loss of consortium claim. Appellants do not contest the verdict with respect to the loss of consortium claim, and we affirm this portion of the judgment in favor of appellees.

Appellants make several arguments why they are entitled to a new trial on Rand Schuster's personal injury claim. We need only address one: that they are entitled to a new trial on damages as a matter of law because they provided indisputable, objective evidence of the damages Rand Schuster suffered as a result of his fall. Because we agree with appellants that no

reasonable jury could find that Rand Schuster's injuries required no compensation, we vacate the judgment of the district court as to Rand Schuster's claim and remand for a new trial on damages.

■ After a six day trial, the jury returned a verdict in which it found "that the injury to the plaintiff resulted in whole or in part from the negligence of the defendant." At trial, appellees' expert conceded that the surgery Rand Schuster required for a torn rotator cuff was causally related to his fall on appellees' property. The uncontested evidence from both parties' experts showed that this surgery included inserting metal fasteners into Rand Schuster's shoulder bone, attaching the torn rotator cuff to his shoulder bone using the fasteners, and shaving off some of his shoulder bone to allow greater movement. These facts suffice to demonstrate, as a matter of law, that defendants were liable for damage related to Rand Schuster's surgery. Rand Schuster's injuries simply could not result in no compensable pain and suffering. *Cf. Gomes v. Roy*, 99 N.H. 233, 108 A.2d 552, 553 (N.H.1954) (holding that where a plaintiff suffered uncontroverted physical injury and scarring, it was not reasonable for the jury to "assume that [the injuries] were accompanied by no pain, or suffering, and that no disfigurement resulted, however paltry the jury may have considered them to be in terms of dollars and cents."). Given appellees' concession at trial and the jury's determination that appellees' negligence caused Rand Schuster's injury, the district court erred in ruling that a reasonable jury could find no compensable damages in this case.

■ In addition, appellants argue that they were entitled to a jury instruction on the "eggshell plaintiff" doctrine, which states that a "plaintiff [may] recover to the extent that the accident aggravated [a] pre-existing condition." *Valliere v. Filfalt*, 110 N.H. 331, 266 A.2d 843, 844–45 (N.H. 1970). Because we are remanding for a new trial, we need not, and do not, reach this issue. We note, however, that a party is entitled to an instruction on any theory supported by evidence adduced at trial and brought to the attention of the court. *See Carvel Corp. v. Diversified Mgmt. Group, Inc.*, 930 F.2d 228, 230 (2d Cir.1991). "It does not matter that the evidence was minimal or was presented in a piecemeal fashion. All that is necessary is that there be some evidence supporting a party's theory of the case." *Hilord Chem. Corp. v. Ricoh Elecs., Inc.*, 875 F.2d 32, 38 (2d Cir.1989). Depending on the specific evidence presented at retrial, such as expert testimony that Rand Schuster's rotator cuff was friable and more susceptible to injury, an "eggshell plaintiff" charge may be required.

For the reasons set forth above, the judgment of the district court is AFFIRMED with respect to appellant Clare Schuster's loss of consortium claim and VACATED and REMANDED for a new trial on the issue of damages with respect to appellant Rand Schuster's personal injury claim.